PATRICIA L. PAUL, Appellant, et al., Plaintiff, v FRANK BOSCHEN-
STEIN et al., Respondents.

Second Department, December 31, 1984

### APPEARANCES OF COUNSEL

*Hurley, Fox, Selig & Robustelli (Ralph S. Joseph, Harry A.
Fox* and *Anthony Occhipini* of counsel), for appellant.

*McHenry & Gerver (Elizabeth A. Horan* and *Robert J.
McHenry* of counsel), for The Presbyterian Hospital in The City
of New York, respondent.

*Garbarini, Scher & DeCicco, P. C. (George J. Kehayas* of
counsel), for Frank Boschenstein, respondent.

*Simpson Thacher & Bartlett (Charles E. Koob* and *George M.
Newcombe* of counsel), for Winthrop Laboratories, respondent.

### OPINION OF THE COURT

*Per Curiam.*

This action revolves around the use of the drug Talwin and its
effect upon Patricia Paul (hereafter plaintiff). Although the
products liability case against the drug manufacturer went to
the jury and resulted in a defendant's verdict (which is sup-
ported by the record), the complaint as against the doctor and
the hospital was dismissed at the conclusion of plaintiff's case.

Plaintiff now argues that a prima facie case was made out when the package insert that accompanies each container of Talwin was received in evidence. After describing some of the adverse reactions that may follow ingestion of the drug, the insert recommends that daily dosage not exceed 360 milligrams. It is not disputed that the dosages prescribed in this case exceeded that amount.

It is plaintiff's contention that prescribing and injecting drugs in amounts exceeding their recommended dosages are evidence of departure from accepted standards of medical care sufficient to establish a prima facie case of malpractice without expert testimony. We are able to accept only part of that proposition. We agree that dosages in excess of those recommended by the manufacturer in a package insert are evidence of a deviation, but we do not accept that this evidence, standing alone, makes out a malpractice cause of action. The rule we adopt in disposing of this appeal is now in force in a number of States (see, e.g., *Mulder v Parke Davis & Co.,* 288 Minn 332; *Ohligschlager v Proctor Community Hosp.,* 55 Ill 2d 411; *Mueller v Mueller,* 88 SD 446; see, also, *Winkjer v Herr,* 277 NW2d 579, 585 [ND]). It provides that "[w]here a drug manufacturer recommends to the medical profession (1) the conditions under which its drug should be prescribed; (2) the disorders it is designed to relieve; (3) the precautionary measures which should be observed, and (4) warns of the dangers which are inherent in its use, a doctor's deviation from such recommendations is prima facie evidence of negligence if there is competent medical testimony that his patient's injury or death resulted from the doctor's failure to adhere to the recommendations" (*Mulder v Parke Davis & Co., supra,* pp 339-340).

Generally, expert testimony is necessary to prove a deviation from accepted standards of medical care unless the matter is one which is within the experience and observation of the ordinary juror (see, e.g., *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 26; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389). This is so because without expert assistance a jury will often have no understanding of what constitutes reasonable behavior in a complex and technical profession such as medicine. With respect to the proper dosage and usage of drugs, however, it is the manufacturer and not the practitioner, who is in the best position to provide such information (see *Mulder v Parke Davis & Co.,* 288 Minn 332, 339-340, *supra*). Prior to marketing a drug, the manufacturer is required to subject it to stringent testing to ensure its effectiveness and its safety. It is

the manufacturer which conducts the experiments that establish proper dosages and methods of application, not the practitioner who of necessity must rely on the information supplied by the manufacturers (see *Mueller v Mueller,* 88 SD 446, 452-453, *supra*). For these reasons, the *Mulder* rule is salutary and we make it our own.

In the instant case, we affirm dismissal of the complaint against the doctor and the hospital for failure to make out a prima facie case because there was no medical testimony adduced to establish that the excessive dosages were a proximate cause of plaintiff's ailments. What exists is evidence of deviation without evidence of its causative effect.

O'CONNOR, J. (concurring in result only). The jury verdict in favor of the defendant drug manufacturer was supported by the evidence while the complaint against the defendants doctor and hospital was properly dismissed at the close of plaintiff's case for failure to make out a prima facie case of negligence (see *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 24; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 396).

LAZER, J. P., RUBIN and BOYERS, JJ., concur; O'CONNOR, J., concurs in the result, with an opinion.

Judgment of the Supreme Court, Westchester County, entered September 11, 1981, affirmed insofar as appealed from, with one bill of costs.