■ MARY A. NICOLLA et al., Appellants, v CARMEN P. FASULO, Respondent.—Mikoll, J. Appeals (1) from a judgment of the Supreme Court (Kahn, J.), entered September 29, 1988 in Albany County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered August 11, 1989 in Albany County, which denied plaintiffs' motion to vacate the judgment.

On these appeals in this dental malpractice case, plaintiffs contend that the following alleged trial and posttrial errors require reversal of the judgment entered in favor of defendant and a new trial: (1) allowing defendant, an oral surgeon, to read portions of the Physician's Desk Reference (hereinafter PDR) on defendant's direct case, (2) permitting defense counsel to examine one of plaintiffs' expert medical witnesses beyond the scope of the direct examination, (3) denying plaintiffs' request to charge the jury to the effect that a prima facie case would be established in favor of plaintiffs if it was determined that defendant's recommendations were contrary to recommendations contained in the PDR, and (4) denying without a hearing plaintiffs' posttrial motion to vacate the judgment because of juror misconduct during deliberations. We conclude that none of the foregoing assignments of error requires reversal of either the judgment entered in defendant's favor or the order denying plaintiffs' motion to vacate. Accordingly, both the judgment and order of Supreme Court should be affirmed.

Plaintiffs commenced this action against defendant alleging that plaintiff Mary Anne Nicolla (hereinafter plaintiff) had sustained personal injuries as a result of defendant's negligence and malpractice in treating plaintiff and prescribing the medication Percodan for her, which interacted with other medication and caused her to fall. Defendant denied that he was negligent, and contended that his action in prescribing Percodan was reasonable and that he had fully advised plaintiff of any possible interactions. After trial, a jury returned a verdict of no cause of action in favor of defendant.

After the entry of judgment, plaintiffs learned of possible

juror misconduct and moved, pursuant to CPLR 4404 and 5015, to vacate the judgment on that ground based on the affidavit of a former juror in the case. The juror stated that during deliberations, a juror known to him only as juror No. 2 said to the jury that he had reviewed Percodan in the PDR and that he disagreed with plaintiffs' medical expert based on this review. Supreme Court issued a decision and order denying plaintiffs' motion without a hearing. Plaintiffs have appealed from both the judgment and the order.

The facts insofar as pertinent are as follows. Plaintiff initially saw defendant on December 7, 1981 at which time she completed a patient information sheet indicating that she was diabetic and was currently on two medications: Dalmane, a sleeping pill, and Valium. Plaintiff discussed her condition and her medications with defendant who performed a procedure to save a tooth that day. Plaintiff subsequently made several follow-up visits to defendant.

On September 20, 1982 plaintiff was treated by defendant on an emergency basis for an acute infection. At this time, defendant prescribed Erythromycin for the infection and Percodan for pain. At trial, plaintiff testified that defendant did not tell her of any precautions that should be taken in regard to this medication. Defendant claimed that he told plaintiff not to couple the Valium and Dalmane with the Percodan. He produced his records reflecting such advice. Plaintiff further testified that she had taken a Dalmane pill at about 10:30 P.M. on the night previous to her emergency treatment by defendant. Upon returning home from defendant's office at about 10:30 A.M. on September 20, 1982, plaintiff took the Erythromycin and Percodan as prescribed. Shortly thereafter, she fell down a flight of stairs which descended to her basement. Plaintiff recalled approaching the flight of stairs but could remember nothing further until after the accident. She sustained fractures of bones of the face and the wrist, as well as a concussion.

On appeal, plaintiffs' first contention is that because references from the PDR are hearsay, allowing defendant to read portions of it on his direct case was reversible error. We reject this contention. While it was error to permit reading from the PDR in this manner (see, Rosario v New York City Health & Hosps. Corp., 87 AD2d 211, 214; see also, Gunnarson v State of New York, 95 AD2d 797, 798), such error in our view was not reversible. Defendant was called to testify as a witness by both plaintiffs and defendant at trial. Expert witnesses had previously testified as to the information contained in the PDR.

The information in dispute was thus already before the jury. Therefore, the information which was the subject of the objection was merely cumulative and harmless. Plaintiffs' reliance on *Rosario v New York City Health & Hosps. Corp. (supra)* is not controlling since in that case the court, in instructing the jury, unduly emphasized the error. This did not occur in the case at bar.

Plaintiffs' next contention, that Supreme Court improperly allowed defense counsel to make plaintiffs' expert witness defendant's own witness on cross-examination, is without merit. The scope of cross-examination lies within the discretion of the trial court (Richardson, Evidence §§ 490, 516, at 476, 507 [Prince 10th ed]). Plaintiffs have failed to demonstrate that the court abused that discretion in this case.

Plaintiffs next argue that Supreme Court improperly denied their request to charge the jury under the principle set forth in *Paul v Boschenstein* (105 AD2d 248). We find this argument unpersuasive. Plaintiffs requested the court to charge that a prima facie case had been made if it was determined that recommendations had been made by defendant which were contrary to recommendations of the manufacturer of Percodan as contained in the PDR. Plaintiffs also rely on the Pattern Jury Instructions as support for this request. However, refusal to so charge was not inconsistent with the Pattern Jury Instructions *(see,* 1 NY PJI2d 269 [1989 Supp]). The case of *Paul v Boschenstein (supra)* adopted the *Mulder* rule *(Mulder v Parke Davis & Co.,* 288 Minn 332, 339-340, 181 NW2d 882). The *Mulder* rule has been modified to require that the manufacturer's recommendation establish a clear and explicit standard *(see, Lhotka v Larson,* 307 Minn 121, 238 NW2d 870). Here there was no clear and explicit contraindication or warning in the PDR on Percodan from which defendant deviated. In our view the charge delivered by the court was adequate on this issue. Moreover, it does not appear that the charge, if given, would have affected the outcome.

Plaintiffs further claim that Supreme Court erroneously denied their motion to vacate the judgment without a hearing because of juror misconduct. This claim is without merit. The affidavit of the juror did not state that juror No. 2's opinion affected the deliberations of the jury in any way. There was no reading of outside material to the jurors as in *Maslinski v Brunswick Hosp. Center* (118 AD2d 834), but rather merely the voicing of an opinion. There is no indication that the opinion had a substantial impact on the jury deliberations and thus Supreme Court's denial of the posttrial motion to vacate was

not improper *(see, People v Testa,* 61 NY2d 1008, 1009; *see also, Snediker v County of Orange,* 58 NY2d 647, 649).

Judgment and order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.