■ RONALD GATTO et al., Appellants, v KENT P. COOPER et al., Respondents. [607 NYS2d 372] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from two judgments of the Supreme Court, Westchester County (Coppola, J.), both entered April 4, 1991, which, upon a jury verdict in favor of the defendants and against them, dismissed the complaint.

Ordered that the judgments are affirmed, without costs or disbursements.

The plaintiffs contend that the jury's verdict in favor of the defendants must be set aside as against the weight of the evidence. However, upon our review of the record, we cannot conclude that the verdict could not have been reached by any fair interpretation of the evidence adduced at trial *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). Therefore, we will not disturb the verdict.

Nor do we find any error in the court's charge regarding the defendant doctor's prescription of a dosage of Thorazine in excess of the dosage recommended by its manufacturer in the Physician's Desk Reference (hereinafter PDR). The court properly instructed the jurors that the administration of a dosage of medication in excess of the PDR's recommendation constitutes evidence of a deviation from accepted medical standards, but that it was for them to determine, based upon the circumstances of this case, whether the defendant doctor acted reasonably in prescribing the higher dosage *(see, Paul v Boschenstein,* 105 AD2d 248; *see also, Mulder v Parke Davis & Co.,* 288 Minn 332, 181 NW2d 882). The charge requested by the plaintiffs was properly rejected since it misstated the applicable law.

The plaintiffs' remaining contentions are unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.

■ WILLIAM GOMBERG, Appellant, v HNP REALTY, INC., Respondent. [609 NYS2d 800] —Appeal by the plaintiff from a judgment of the Supreme Court, Queens County (Posner, J.), dated February 4, 1992.

Ordered that the judgment is affirmed, with costs, for reasons stated by Justice Posner at the Supreme Court. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.