OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by reducing the amount of the award to $528.25, and as so modified, affirmed without costs.
Plaintiff sued defendants for veterinary malpractice.
The record supports the trial court’s factual finding that when plaintiff first brought the dog to defendants on April 20, 1997, soon after the dog started making noises and crying, she told Dr. White that the dog had gotten into the garbage and had been chewing on a bone. The court then concluded that the veterinarian’s failure to take steps to see if the dog had swallowed something was a departure from accepted veterinary practices. A prima facie case may be established without the necessity of offering expert testimony where the “ ‘very nature of the acts complained of bespeaks improper treatment and malpractice’” (Matter of Restrepo v State of New York, 146 Misc 2d 349, 355). No expert is necessary to explain that a veterinarian should x-ray a dog’s throat, esophagus and stomach if she suspects that the dog has swallowed something.
The plaintiff’s expert, a veterinarian who performed a necropsy on the dog, stated that it died from complications of a perforated esophagus caused by a chicken bone. He testified that if they had determined the problem very quickly, before the esophagus was damaged, then it could possibly have been removed endoscopically with a special kind of forceps. Since the plaintiff brought the dog to defendants soon after it appears that it ingested the bone, such a procedure was possible and the dog’s life might have been saved.
In the case at bar, the plaintiff is only entitled to the sums paid to defendants for veterinary treatment. This totals $528.25. Plaintiff is not entitled to recover for a necropsy to determine the cause of death. While plaintiff might have been entitled to the market value of this seven-year-old Pekinese dog, she failed to introduce any evidence of its value. Furthermore, the dog was not healthy since it already was in a life-threatening situation when it was brought to defendants (7B *611 Warren’s New York Negligence, Personal Property, § 16.03 [2] [e]).
DiPaola, P. J., Ingrassia and Levitt, JJ., concur.