Santorelli v Twins Veterinary Hosp., PLLC (2025 NY Slip Op 51153(U))

[*1]

Santorelli v Twins Veterinary Hosp., PLLC

2025 NY Slip Op 51153(U)

Decided on June 26, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2023-454 S C

Thomas Santorelli, Appellant,
against
Twins Veterinary Hospital, PLLC, Respondent. 

Thomas Santorelli, appellant pro se.
Connick McNamee, PLLC (Glenn P. McNamee of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Second District (Garrett W. Swenson, Jr., J.), entered April 19, 2023. The judgment, upon granting defendant's oral application to dismiss at the conclusion of plaintiff's opening statement at a nonjury trial, dismissed the action.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for a new trial.
Plaintiff commenced this small claims action to recover the principal sum of $5,000 for the death of his cat, which he alleged was caused by "[t]he neglect of" a doctor employed by defendant. At a nonjury trial, after plaintiff was permitted to make an opening statement, the District Court (Garrett W. Swenson, Jr., J) granted defendant's oral application to dismiss the action on the ground that plaintiff could not make out a prima facie case of veterinary malpractice without an expert witness. A judgment dismissing the action was entered on April 19, 2023.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
In order to establish a prima facie case of veterinary malpractice, a plaintiff is required to show a deviation or departure from accepted veterinary practice, and that such departure was a proximate cause of the injury (see generally Kenny v Lesser, 281 AD2d 853 [2001]; see also Harrington v Berg, 5 Misc 3d 135[A], 2004 NY Slip Op 51488[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). Ordinarily, in a malpractice action, expert testimony is necessary to establish the applicable standard of care, as well as a deviation from such standard, which resulted in injury, unless the matter is within the experience and observation of the trier of fact [*2](see Paul v Boschenstein, 105 AD2d 248 [1984]; Kim v Zawie, 66 Misc 3d 137[A], 2020 NY Slip Op 50050[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Mathew v Jerome L. Klinger, D.V.M., P.C., 179 Misc 2d 609 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]; see also Matter of Restrepo v State of New York, 146 Misc 2d 349 [Ct Cl 1989], affd 179 AD2d 804 [1992]).
Plaintiff claimed in his opening statement that he was going to establish that defendant's diagnosis of cancer without any blood tests or X-rays and the failure to stop his cat's bleeding for 13 days constituted departures from accepted veterinary practices. Without the benefit of the context that would be provided by plaintiff's evidence, it is unclear at this juncture whether the very nature of the acts complained of "bespeaks improper treatment and malpractice," which would warrant the dispensation of expert testimony (Adesso v Long Is. Veterinary Specialists, 43 Misc 3d 131[A], 2014 NY Slip Op 50611[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014] [internal quotation mark omitted]; see Mathew v Jerome L. Klinger, D.V.M., P.C., 179 Misc 2d 609). Consequently, substantial justice was not rendered (see UDCA 1804, 1807) when the court dismissed plaintiff's action before he had the opportunity to put on his case.
Accordingly, the judgment is reversed and the matter is remitted to the District Court for a new trial.
GOLDBERG-VELAZQUEZ, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 26, 2025