OPINION OF THE COURT
Joseph J. Sedita, J.
This is a motion by the plaintiff to dismiss the defendant corporation’s affirmative defense based upon a release executed by the plaintiff.
Plaintiff was allegedly injured while using a “jet ski” which he rented from the defendant corporation. Prior to using the “jet ski”, the plaintiff signed a document releasing the defendant corporation from liability.
Section 5-326 of the General Obligations Law renders void as against public policy and wholly unenforceable an agreement “in or in connection with, or collateral to, any contract, membership application, ticket of admission or similar writing, entered into between the owner and operator of any pool, gymnasium, place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for *250 damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees”.
The intent of this statute appears to be to eliminate the use of releases in commercial situations where there are potential dangers resulting from the type of activities being promoted, and where the proprietor is in substantial control of the environment. Control is really the key here because it would be illogical for the Legislature to impose a nonwaivable duty where the person on whom the duty was imposed had limited ability to supervise or “control” the situation. Hence, this statute limits the operation of the statute to “the owner and operator of any pool, gymnasium, place of amusement or recreation, or similar establishment”. These are, in effect, “controllable environments” in which the imposition of a nonwaivable duty (no releases permitted) is permissible and reasonable. If, however, the facility merely rents equipment which is then removed from the environment controlled by the proprietor, the rationale of the statute no longer applies.
The facts presently before the court do not make clear whether the use of the “jet ski” was conducted in close proximity to and under some kind of supervision by the defendant corporation and its facility or if this was a simple rental arrangement which left plaintiff free to use his rented equipment anywhere on the public lake. If the latter was the case, it is the considered opinion of this court that the necessary control factor would not be present so as to bring this situation within the statute.
Since the facts are not sufficiently developed, this motion cannot be determined at this time.
Accordingly, this motion is dismissed without prejudice to its renewal in subsequent proceedings.
(June 30, 1982)
This is the second time this motion for dismissal of the defendant’s affirmative defense has come before this court. The affirmative defense is based upon a release executed by the plaintiff prior to his rental of a “jet ski” on which he was allegedly injured in an accident. The basis for this motion and the original motion is section 5-326 of the *251 General Obligations Law which renders void waivers which exempt owners or operators of certain types of places of amusement from liability.
In our earlier decision, we expressed our opinion that the key determinant of whether or not this statute could be applied to the situation herein was whether the proprietor was “in substantial control of the environment.” (Dumez v Harbor Jet Ski, Supreme Ct, Niagara County, Dec. 7, 1981, Sedita, J.)
The examinations before trial, attached to these papers, clearly indicate that while “boundaries” were orally set by the proprietor, the boundaries and the public waterway within those boundaries were not substantially controlled by the defendants. Other water crafts were completely free to enter, leave, or use this public waterway. Although the defendants apparently gave certain instructions and took certain safety precautions, it cannot be said that they had “control” of the environment within which these “jet skis” were operated to the extent necessary to bring their operation within the language and intent of section 5-326 of the General Obligations Law.
Accordingly, this motion is denied.