■ MICHAEL MIRANDA, Appellant, v HAMPTON AUTO RACEWAY, INC., Respondent. (Action No. 1.) DOUGLAS R. FRERICHS, Appellant, v HAMPTON AUTO RACEWAY, INC., Respondent, and MICHAEL MIRANDA, Third-Party Defendant. (Action No. 2.)—In consolidated negligence actions to recover damages for personal injuries and property damage, Michael Miranda, the plaintiff in action No. 1, and Douglas R. Frerichs, the plaintiff in action No. 2, appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated January 2, 1986, which denied the plaintiff Miranda's motion to dismiss the defendant's second affirmative defense, that the action is barred by a release, and granted the defendant's cross-motion for summary judgment dismissing the plaintiffs' complaints.

Ordered that the order is reversed, on the law, the defendant's cross motion is denied, the plaintiff Miranda's motion is granted, the complaints are reinstated, and the second affirmative defense in action No. 1 is stricken; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The release signed by the plaintiff Miranda is void under General Obligations Law § 5-326, since he paid a fee to use the defendant's racing facility and was injured while engaged in the activity for which he paid the fee and signed the release *(see, Beardslee v Blomberg,* 70 AD2d 732; *cf., Meier v Ma-Do Bars,* 106 AD2d 143; *Wurzer v Seneca Sport Parachute Club,* 66 AD2d 1002). In any event, the release at issue here would not bar any claim based on the defendant's negligence, since the release did not explicitly provide that it would encompass such claims *(see, Gross v Sweet,* 49 NY2d 102). Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.