■ JANET M. GREEN et al., Respondents, v WLS PROMOTIONS, INC., et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the defendants WLS Promotions, Inc., and Barlow Accord Corp. appeal (1) from so much of an order of the Supreme Court, Orange County (Ingrassia, J.), dated April 21, 1986, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as it is asserted against them, and (2) from an order of the same court, dated May 15, 1987, which denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them and granted the plaintiff's motion to strike their sixth affirmative defense.

Ordered that the order dated April 21, 1986, is affirmed insofar as appealed from, and the order dated May 15, 1987, is affirmed, with one bill of costs.

General Obligations Law § 5-326 applies to void any release signed by a user, *inter alia,* of a gymnasium, place of amusement or recreation or similar establishment, where the owner or operator of the facility receives a fee or other compensation for the use thereof, and where the release exempts the owner or operator from liability due to negligence. The plaintiff Robert Green paid a fee, to which the statute applies whether the fee is denominated as being for "admittance" or for "insurance". The appellants' facility—an automobile racetrack —is an establishment within contemplation of the statute and Mr. Green was clearly a user thereof *(see, Gaskey v Vollertsen,* 110 AD2d 1066; *cf., Dumez v Harbor Jet Ski,* 117 Misc 2d 249, 250).

The appellants argue that the statute should not apply to facilities, such as the racetrack here, which involve an "inherently dangerous" activity. However, the plaintiffs claim damages not for injuries caused by conditions inherent in the

activity, but for injuries caused by conditions allegedly due to the appellants' negligence. The legislative history also provides no support for the appellants' attempt to exempt certain activities from the statute where all the specified criteria are met. Nor do we find that the statute is vague and therefore unconstitutional. Therefore, the court properly dismissed the affirmative defense of release and waiver.

The court also properly denied the cross motion for summary judgment based on the affirmative defense of assumption of risk, because this affirmative defense involves numerous issues of fact (see, Turcotte v Fell, 68 NY2d 432). Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.