OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff was injured at a car racetrack while serving on the volunteer fire and ambulance crew. He paid no fee to enter the racetrack, but prior to entering the pit area where he was injured, he signed a waiver and release of liability for any injury sustained while in the restricted area. The only issue presented to us in this personal injury action is whether the release is void under General Obligations Law § 5-326, which provides in pertinent part: "Every * * * agreement * * * in or in connection with * * * any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any * * * place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability * * * shall be deemed to be void as against public policy and wholly unenforceable.”
Supreme Court granted partial summary judgment to the defendants (the owner-operators), holding General Obligations Law § 5-326 did not void the release because plaintiff was not a "user” of the raceway as defined in the statute. The Appellate Division granted the defendants’ motion for summary *806 judgment in its entirety, concluding that inasmuch as General Obligations Law § 5-326 did not void the release there were no issues of fact left to be tried and defendants were entitled to a dismissal of the lawsuit. Its rationale on the key issue, however, was that "[pjlaintiff did not purchase an admission ticket, so plaintiff did not sign the release agreement in connection with or collateral to a ticket of admission.” (135 AD2d, at 1134.)
We affirm the dismissal of the action based on the affirmative defense of the release because General Obligations Law § 5-326 is unavailable to void it in this case. Plaintiff did not, of course, purchase an admission ticket, but the statute by its own terms is not so limited and in that respect the Appellate Division rationale is unduly restrictive. The statute voids any agreement, not only those embodied on a ticket of admission which purports to exempt owners or operators from liability when a fee or other compensation is paid for the use of a facility. Here, notwithstanding plaintiffs execution of the release agreement itself and the "other compensation” paid to the owner-operators in the form of his volunteer services, plaintiffs cause is nevertheless barred by the release because plaintiff was not a "user” of the facility within the meaning of the remedial statute as a matter of law. Plaintiff, by his own admission on this record, was at the raceway solely to work as a member of the volunteer fire and rescue squad. Under these circumstances, the statute has no effect on the validity of the release.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.