DINEEN M. LAGO, as Administratrix of the Estate of FRANCIS
V. CERVONI, Appellant, v ROBERT KROLLAGE ET AL., Re-
spondents. ROBERT KROLLAGE et al., Third-Party Plaintiffs-
Respondents, v NATIONAL ASSOCIATION FOR STOCK CAR
AUTO RACING, INC., et al., Third-Party Defendants-Respon-
dents.

Second Department, April 23, 1990

APPEARANCES OF COUNSEL

*Mulholland, Minion & Roe (Paul M. Duffy* of counsel), for appellant.

*Montfort, Healy, McGuire & Salley (E. Richard Rimmels, Jr.,* and *Regis E. Staley, Jr.,* of counsel), for Suffolk Motordome, Inc., defendant-respondent, and *National Association for Stock Car Auto Racing, Inc.,* third-party defendant-respondent.

## OPINION OF THE COURT

Per Curiam.

The plaintiff's decedent, Francis V. Cervoni, died as a result of injuries he sustained when he was struck by a race car driven by the defendant, Robert Krollage (an agent/employee of the defendant Car Care Center, Inc.), which went out of control during a stock car race held at the Islip Speedway. At the time of the accident, the Islip Speedway was operated by defendant Suffolk Motordome, Inc. The race was held under the auspices of third-party defendant National Association for Stock Car Auto Racing, Inc. (hereinafter NASCAR). Cervoni was struck while working as a car mechanic on a disabled car in the "pit area" located on the infield of the track.

Approximately four months before the date of the accident, Cervoni had applied for a NASCAR membership and license, for which he paid a $55 fee, and signed the following instrument. "In consideration of the acceptance by NASCAR of my license application, issuance of license, my being permitted on speedway or raceway premises of any NASCAR sanctioned event, or any of the foregoing, I, for myself, my heirs, next of kin, personal representatives and assigns, forever release, remise, and forever discharge and agree to save and hold harmless and indemnify NASCAR, the promoters presenting races or other events under NASCAR sanction, the owners and lessees of premises on which NASCAR sanctioned events

are presented, the participants thereon, and the owners and/ or sponsors and manufacturers of all racing equipment used in NASCAR sanctioned events, the officers, directors, agents, employees and servants of all of them, including NASCAR officials and NASCAR members, of and from all liability, claims, actions and possible causes of action whatsoever including negligence of any of the foregoing that may accrue to me or to my heirs, next of kin and personal representatives, from every and any loss, damage and injury (including death) that may be sustained by my person and property while in, about, and en route into and out of premises where NASCAR sanctioned events are presented."

The application also included a benefit plan and an agreement that liability would be limited to certain outlined benefits. Following the accident, and in accordance with that agreement, NASCAR paid Cervoni's mother, his stated beneficiary, $17,500. That the plaintiff's decedent's beneficiary received the correct amount under the agreement is not in dispute.

On the date of the accident, before he entered the racetrack, Cervoni signed an acknowledgment that he had "inspected the track premises, know[s] the risks and dangers inherent in entering the premises and participating in, observing the qualifying and practicing for motor racing events held on Race premises, realize[s] that conditions may become more hazardous while * * * on the premises, that unanticipated and unexpected dangers may arise during said events" and that he enters the premises "voluntarily and assume[s] every risk for loss, damage or injury (including death)". That acknowledgment also contained the following language: "In consideration of receiving permission to enter the premises, being permitted and privileged to participate or assist others participating in said event, as evidenced by the Permit colored, coded and numbered as shown on this form, each of the undersigned for himself, his heirs, next of kin, personal representatives and assigns, hereby RELEASES, REMISES AND FOREVER DISCHARGES AND AGREES TO SAVE AND HOLD HARMLESS AND INDEMNIFY NASCAR AND SANCTIONING BODY AND THE PROMOTERS PRESENTING SAID EVENT, THE OWNERS, AND LESSEES OF THE PREMISES, THE PARTICIPANTS THEREIN, THE OWNERS, SPONSORS AND MANUFACTURERS OF ALL RACING EQUIPMENT USED IN SAID EVENT AND THE OFFICERS, OFFICIALS, DIRECTORS, AGENTS, EMPLOYEES AND SERVANTS OF ALL OF THEM, OF AND FROM ALL LIABILITY CLAIMS, DEMANDS, CAUSES OF ACTION AND POSSIBLE

CAUSES OF ACTION WHATSOEVER, ARISING OUT OF OR RELATED TO ANY LOSS, DAMAGE OR INJURY (INCLUDING DEATH) THAT MAY BE SUSTAINED BY OUR RESPECTIVE PERSONS OR PROPERTY, THAT MAY OTHERWISE ACCRUE TO ANY OF US OR TO OUR RESPECTIVE HEIRS, NEXT OF KIN OR PERSONAL REPRESENTATIVES WHILE IN, ON, EN ROUTE TO, FROM, OR OUT OF SAID PREMISES FROM ANY CAUSE WHATSOEVER INCLUDING NEGLIGENCE OF ANY OF THE FOREGOING."

The plaintiff challenges the agreements as void under General Obligations Law § 5-326, and further asserts that they are insufficiently clear to relieve the defendants from liability.

General Obligations Law § 5-326 reads as follows:

"§ 5-326. Agreements exempting pools, gymnasiums, places of public amusement or recreation and similar establishments from liability for negligence void and unenforceable

"Every covenant, agreement or understanding in or in connection with, or collateral to, any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any pool, gymnasium, place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable."

We hold that under the facts of this case the statute is inapplicable because Cervoni was not a "user" of the premises within the statutory intendment (see, *Howell v Dundee Fair Assn.*, 73 NY2d 804). Although, as the defendants have pointed out, there is no proof in the record that Cervoni paid an admission fee or entry fee on the date of the accident, we conclude that even if his services, or the license fee that he paid four months earlier, may be considered as a form of "compensation", Cervoni does not fall within the ambit of the statute.

It is established that one's presence at a facility of the type covered by the above statute does not, in and of itself, endow the person with the status of a "user" (*Howell v Dundee Fair Assn., supra*). Cervoni was not a patron of the racetrack, but was a licensed mechanic whose purpose and conduct were

designed to further the enterprise, and who, in that context, participated in a benefit plan, from which funds were paid to his designated beneficiary, as he had requested in his application. Under these circumstances, his status is incompatible with that of a "user" within the contemplation of the statute.

Apart from General Obligations Law § 5-326, we find the agreements valid, and we disagree with the plaintiff's contention that they are unclear or unenforceable under *Gross v Sweet* (49 NY2d 102).

In *Gross (supra)*, the Court of Appeals found that a release was not explicit because it did not purport to absolve the defendant from his own acts of negligence or otherwise convey such an intent. This was the same infirmity which we found to have existed in the release in issue in *Miranda v Hampton Auto Raceway* (130 AD2d 558). Such an infirmity clearly does not exist here. Beyond that, we cannot divorce the instrument and acknowledgment at bar from the context in which they were negotiated, notably, as part of an arrangement by which Cervoni applied for and subscribed to a financial benefit plan —an element lacking in *Green v WLS Promotions* (132 AD2d 521), upon which the plaintiff also relies—in conjunction with his participation in a foreseeably dangerous activity *(cf., Turcotte v. Fell,* 68 NY2d 432; *Benitez v New York City Bd. of Educ.,* 73 NY2d 650). Moreover, Cervoni performed that activity, the hazards and risks of which, in writing, he specifically acknowledged and sought to undertake, after also having expressed in writing that he inspected and was familiar with the track and its inherent risks. Under the circumstances we conclude that the plaintiff's action must be dismissed. Accordingly, the order is affirmed, with one bill of costs to the defendant-respondent and the third-party defendant-respondent National Association for Stock Car Auto Racing, Inc.

MANGANO, P. J., LAWRENCE, KOOPER and ROSENBLATT, JJ., concur.

Ordered that the order is affirmed, with one bill of costs to defendant-respondent and the third-party defendant-respondent National Association for Stock Car Auto Racing, Inc.