■ JOSEPH A. SMITH, Respondent, v LEBANON VALLEY AUTO RACING, INC., Appellant, et al., Defendants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered November 8, 1989 in Columbia County, which, *inter alia,* granted plaintiff's motion to dismiss the third and fourth affirmative defenses in the answer of defendant Lebanon Valley Auto Racing, Inc.

On the evening of April 25, 1981, plaintiff was severely injured at the speedway operated by defendant Lebanon Valley Auto Racing, Inc. (hereinafter Lebanon Valley). Prior to his admission to the speedway that night, plaintiff had paid a $10 fee for a license to enable him to apply for access to the infield pit area. Plaintiff indicated on the license application that he was a member of the pit crew for car No. 111. After

plaintiff received the requisite license, he paid an additional $5 at the pit gate for a pit pass. To obtain the pass, plaintiff signed a "VOLUNTARY WAIVER AND RELEASE FROM LIABILITY AND INDEMNITY AGREEMENT", which stated that he accepted all risks connected with entry into the restricted area and/or participation in any racing event.

During the final race of the evening, racing cars operated by defendants Tom Corellis and Mert Hulbert collided. The Hulbert vehicle left the raceway and hit plaintiff, seriously injuring him. Thereafter, plaintiff commenced this personal injury action against Lebanon Valley, Corellis and Hulbert. Plaintiff's motion to strike the affirmative defenses of release and indemnification contained in defendants' answers on the ground that these defenses are violative of public policy was granted as to Lebanon Valley and denied as to the remaining defendants. Lebanon Valley has appealed. Its main argument on appeal is that plaintiff was not a "user" of a facility of the type contemplated by General Obligations Law § 5-326.

There is more than ample authority to the effect that an automobile raceway is an establishment within the meaning of this statute and that a release purporting to exempt the owner or operator of such a facility from liability due to negligence contravenes public policy and is void (see, e.g., Lago v Krollage, 157 AD2d 49; Green v WLS Promotions, 132 AD2d 521, lv dismissed 70 NY2d 951; Miranda v Hampton Auto Raceway, 130 AD2d 558; Gaskey v Vollertsen, 110 AD2d 1066; Beardslee v Blomberg, 70 AD2d 732; Johnson v Thruway Speedways, 63 AD2d 204). In view of the fact that nothing in the legislative history of the statute supports excluding these facilities (see, Green v WLS Promotions, supra, at 522), we find no reason to entertain Lebanon Valley's suggestion that the correctness of these holdings be reexamined.

More problematic, however, is whether the statute's protection extends to the activity in which plaintiff was engaged at the time of his injury, in short, whether plaintiff was then a "user" (see, Howell v Dundee Fair Assn., 73 NY2d 804, 806; Meier v Ma-Do Bars, 106 AD2d 143, 144; cf., Beardslee v Blomberg, supra, at 733). Here, there is no question that plaintiff paid a fee to gain access to the pit area, signed a release before entering the area and was injured while there. It is not at all clear, however, whether plaintiff's attendance was meant to further the speedway venture (see, Lago v Krollage, supra, at 52-53; see also, Howell v Dundee Fair Assn., supra) or, as plaintiff urges, to permit him to enjoy a place of amusement (see, Meier v Ma-Do Bars, supra, at 145).

Plaintiff's reason for being in the pit area has not been sufficiently developed in the record to allow for resolution of what his status was at the time of his injury. While plaintiff did gain admission to the restricted infield pit area by claiming to be a member of a pit crew, completely lacking is any evidence respecting what he was actually doing while there. Apart from the representation by plaintiff's counsel that plaintiff's sole purpose in attending the track was to "enjoy the racing events scheduled for that evening", there is no record evidence to support this contention. Inasmuch as plaintiff's status as a user under the statute cannot be resolved on the record as presently constituted, the defenses should not have been dismissed at this juncture *(see, Beardslee v Blomberg, supra).*

Because Lebanon Valley's constitutional challenge to the statute was raised for the first time on appeal, it will not be reviewed *(see, Matter of Woodin v Lane,* 119 AD2d 969, 970).

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to dismiss the third and fourth affirmative defenses of defendant Lebanon Valley Auto Racing, Inc.; motion denied to that extent; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.