■ DAMON KAZMIERCZAK, Appellant, v LANCASTER MOTOR SPORTS, INC., Doing Business as LANCASTER NATIONAL SPEED-

WAY, et al., Respondents. [626 NYS2d 633] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Plaintiff was injured while repairing the racing surface of defendants' race track during a racing event. Prior to his entry to the track, plaintiff signed a release and waiver prohibiting claims against the track for injuries received while working in the "restricted areas" of the track. The parties do not dispute that plaintiff was injured in a "restricted area" and that only employees and volunteers performing services for the track were allowed in the "restricted area". Plaintiff was injured while working as a volunteer in an area of the raceway where spectators were prohibited. Plaintiff was in the area of the raceway solely as a member of the volunteer tow truck crew. Therefore, plaintiff is not entitled to the status of a "user" within the meaning of section 5-326 of the General Obligations Law, which prohibits enforcement of a release or waiver given by users of the raceway who have paid a fee or other compensation for admission to the facility (see, Howell v Dundee Fair Assn., 73 NY2d 804, 806; cf., Smith v Lebanon Val. Auto Racing, 167 AD2d 779, 781). (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.