■ BOBBY VALITZSKI et al., Appellants, v WORLD-LIFE MOTORDOME, INC., et al., Respondents. [636 NYS2d 418] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered September 23, 1994, which granted the defendants' motion to dismiss the complaint, and (2) as limited

by their brief, from so much of an order of the same court, dated February 2, 1995, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered September 23, 1994, is dismissed, as that order was superseded by the order dated February 2, 1995, made upon reargument; and it is further,

Ordered that the order dated February 2, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The injured plaintiff, a technical inspector with the National Association for Stock Car Auto Racing, Inc., was hurt during a race at the Riverhead Raceway when a race car crashed into a guardrail gate behind which that plaintiff was standing. The releases executed by the injured plaintiff prior to the race preclude this action. We reject the plaintiffs' contentions that the releases are not applicable because the injured plaintiff was not in a "restricted area", as defined by the releases, or that he had completed his duties as a technical inspector at the time of the accident (see, Lago v Krollage, 157 AD2d 49, affd 78 NY2d 95; Howell v Dundee Fair Assn., 135 AD2d 1133, affd 73 NY2d 804). Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.