■ FREDERICK R. GILKESON, Respondent, v FIVE MILE POINT SPEEDWAY, INC., et al., Appellants, et al., Defendants. [648 NYS2d 844] —Spain, J. Appeal, by permission, from an order of the Supreme Court (Monserrate, J.), entered December 11, 1995 in Broome County, which denied motions by various defendants for summary judgment dismissing the complaint against them.

On May 26, 1990, plaintiff purchased a ticket from defendant Point Motor Sports, Inc. (hereinafter PMS) for entry into an automobile racetrack and paid an additional fee for specific entry into the infield or pit crew area. In order to gain access to the infield area, plaintiff was required to sign a "Release and Waiver of Liability and Indemnity Agreement"; plaintiff signed the document and indicated on the document that his job description was a crew member for "Car No. 34A", which is owned by a friend. Plaintiff later testified at a deposition that at all times that evening he considered himself a spectator, not a crew member, and sought access to the infield area for the sole purpose of viewing his friend's driving techniques so that he could offer advice to him. It is uncontested that during the evening plaintiff did not work on any cars nor was such work expected of him. As plaintiff was watching a race, a collision occurred between two cars on the track; one of the cars involved lost control, flew over the guardrail and hit plaintiff. Plaintiff was severely injured and commenced this action based upon the alleged combined negligence of all defendants. After issue was joined, defendants Anna M. Heath, Robert E. Wade and Five Mile Point Speedway, Inc. (hereinafter FMPS) moved, and defendants Daniel L. Harpell and PMS cross-moved, for summary judgment dismissing plaintiff's complaint contending, *inter alia*, that plaintiff is barred from recovery as a result of the release and because plaintiff expressly assumed the risk of his injuries by signing the release. Heath and Harpell also asserted that the complaint should be dismissed against them because they were only shareholders in FMPS and PMS, respectively, precluding personal liability upon them. Supreme Court denied the motions, finding, *inter alia*, that plaintiff did not, as a matter of law, assume the risk and that although plaintiff signed a written release, he was a "user" within General Obligations Law § 5-326, making such a release void as against public policy. Heath, Harpell, FMPS and PMS appeal.

We affirm. General Obligations Law § 5-326 provides, in pertinent part, that: "Every * * * agreement * * * in or in connection with * * * any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any * * * place of amusement or rec-

reation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability * * * shall be deemed to be void as against public policy and wholly unenforceable."

In our view plaintiff's submissions in opposition to the motions for summary judgment clearly establish his status as a "user" within the meaning of General Obligations Law § 5-326. Here, plaintiff avers that he "identified [him]self as a member of [his] friend's pit crew solely to gain access to the pit area, much like many other individuals have always gained access to the pit area to watch the racing from a closer vantage point". Plaintiff's deposition testimony further reveals that he had to pay an additional fee to gain entrance to the infield area and that he was not in any way compensated by his friend or anyone else to merely watch the races (*cf., Howell v Dundee Fair Assn.*, 73 NY2d 804; *Kazmierczak v Lancaster Motor Sports*, 214 AD2d 1039). Moreover, the record does not support a finding that plaintiff was engaged in the continuing enterprise of the racetrack or to further the speedway venture (*cf., Valitzski v World-Life Motordome*, 223 AD2d 639; *Lago v Krollage*, 157 AD2d 49, 52-53, *affd* 78 NY2d 95). Despite the misrepresentation he made on the document that he was required to sign, the overwhelming proof supports the conclusion that plaintiff falls within that class of persons protected by General Obligations Law § 5-326 (*see, Smith v Lebanon Val. Auto Racing*, 167 AD2d 779, 780-781; *see also, Thomas v Dundee Raceway Park*, 882 F Supp 34, 37).

Heath's and FMPS' contention that plaintiff's execution of the release acted as an express assumption of the risk of injury is without merit. The release makes no reference to specific risks inherent in being a spectator in the infield area of the racetrack, but merely refers to assuming the risk of the negligence of the releasees which may cause serious injury or death. We conclude that plaintiff "was not apprised of the risks involved in the situation" and, therefore, "cannot be considered to have assumed them" (*Long v State of New York*, 158 AD2d 778, 780-781). The issue of implied assumption of risk, based on the facts before us, is one for the jury to determine (*see, Owen v R.J.S. Safety Equip.*, 169 AD2d 150, 155-156, *affd* 79 NY2d 967). Finally, we need not address the argument in plaintiff's brief regarding the piercing of the corporate veil since, for the purposes of this appeal, plaintiff is not an aggrieved party. In any event, the issue is premature.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.