■ Brian Petrie et al., Respondents, v Bridgehampton Road Races Corporation, Appellant. [670 NYS2d 504] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated January 14, 1997, as granted that branch of the plaintiffs' motion which was for leave to serve an amended complaint adding additional defendants, and denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Brian Petrie.

Ordered that the appeal from so much of the order as granted that branch of the plaintiffs' motion which was for leave to serve an amended complaint adding additional defendants is dismissed, as the appellant is not aggrieved thereby (see, CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The defendant contends that the Supreme Court erred in denying that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff, Brian Petrie, since Petrie signed two releases absolving it of liability for any injuries he might sustain while racing his dirt bike at its premises, the Bridgehampton Racetrack. However, General Obligations Law § 5-326 prohibits an owner or operator of a recreational facility such as a raceway from enforcing a release given by an individual who has paid it a fee or other compensation for the use of the facil-

ity (see, Owen v R.J.S. Safety Equip., 79 NY2d 967; Howell v Dundee Fair Assn., 73 NY2d 804). Here, the injured plaintiff, who was classified as a novice racer, paid a fee to enter a race held at the defendant's raceway, and signed the releases in connection with the race. The Supreme Court properly determined that the releases could not be enforced if the defendant received a share of the fee which the plaintiff paid for his use of the race track (see, Owen v R.J.S. Safety Equip., 169 AD2d 150, affd 79 NY2d 967, supra; Miranda v Hampton Auto Raceway, 130 AD2d 558; cf., Howell v Dundee Fair Assn., 73 NY2d 804, supra), and that a question of fact exists on this issue. Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.