■ ROBBIN P. WILLIAMS et al., Appellants, v CITY OF ALBANY, Defendant, and CAPITAL DISTRICT FLAG FOOTBALL, INC., Respondent. [706 NYS2d 240] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered July 22, 1999 in Albany County, which, *inter alia*, granted a motion by defendant Capital District Flag Football, Inc. for summary judgment dismissing the complaint against it.

At all times relevant, defendant Capital District Flag Football, Inc. (hereinafter CDFF) was a for-profit corporation engaged in operating a regional sports recreation league that was comprised of approximately 55 flag football teams, each of which paid a $550 fee to compete in the league. CDFF arranged for the use of six playing fields in Albany County, Rensselaer County and Schenectady County and provided referees for league play.

In May 1997, plaintiff Robbin P. Williams was injured while participating in a league game in Lincoln Park in the City of Albany. One week prior to the game in which Williams was injured, a festival was held in Lincoln Park, as the result of which a substantial amount of debris and broken glass was strewn about the playing field. While the record reflects that employees of defendant City of Albany removed the accumulated debris, a good deal of broken glass nevertheless was observed on the playing field prior to the game in which Williams was injured. Rather than canceling the game, the Commissioner of CDFF and various team members walked the field and removed all visible glass. Williams, who arrived late and was unaware that broken glass had been observed and removed from the field, signed a release in which he waived his right to seek legal redress for any injuries resulting from his participation in the game by reason of any negligence of CDFF in relation to the condition of the premises. During the course of the game, Williams fell on a large, jagged piece of glass, which became embedded in his knee.

Williams and his wife, derivatively, thereafter commenced

this action, asserting that the City and CDFF were negligent in failing to provide a safe playing field. Following joinder of issue and discovery, CDFF moved for summary judgment on the ground that the action was barred by the release executed by Williams and, in any event, Williams assumed the risk of the injury he sustained. Plaintiffs cross-moved to amend their pleadings. While Supreme Court concluded that a factual issue existed as to whether the glass on the field posed an open and obvious risk, as opposed to a latent or concealed risk, it held that the release executed by Williams barred recovery against CDFF and, *inter alia*, granted the motion for summary judgment. Plaintiffs now appeal.

Plaintiffs initially contend that the release signed by Williams is void as against public policy pursuant to the terms of General Obligations Law § 5-326. That section provides: "Every covenant, agreement or understanding in or in connection with, or collateral to, any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any pool, gymnasium, place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable" (General Obligations Law § 5-326). CDFF contends, as Supreme Court held, that because Williams did not personally pay a fee to CDFF to engage in the game on the day in question, plaintiffs may not avail themselves of the protection afforded by General Obligations Law § 5-326. We disagree. The Court of Appeals has made clear its disinclination to engage in an unduly restrictive interpretation of the statute (*see, Howell v Dundee Fair Assn.*, 73 NY2d 804 [a claim that the plaintiff did not purchase an admission ticket and therefore did not sign a release in connection with or collateral to a ticket of admission is unduly restrictive—the statute by its own terms is not so limited]). As in *Howell v Dundee Fair Assn.* (*supra*), we do not deem the statute as limited in application to the person or entity who actually pays the fee. Rather, the statute, by its express terms, is applicable to an owner or operator of a recreational facility who *receives* a fee. Accordingly, inasmuch as CDFF received a fee for the use of the facilities where Williams was injured, the

release executed by him is void as against public policy and is wholly unenforceable.*

We likewise reject the contention of CDFF that it was not the owner or operator of the facility where Williams was injured but, rather, merely a sponsoring organization and, as a result, the release should be deemed enforceable. Initially, we note that CDFF was much more than a mere sponsor. It created and operated the league in question, arranged for the use of six fields for that purpose, provided referees for league play and acquired insurance for its protection in that regard. The fact that CDFF did not own, maintain or control the playing field where the recreational activity took place is not controlling. The relevant inquiry is whether CDFF, as the operator of the recreational activity in question, received compensation therefor (*see, Filson v Cold Riv. Trail Rides*, 242 AD2d 775). Finally, we agree with Supreme Court that a question of fact exists as to Williams' implied assumption of the injury-producing risk.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Capital District Flag Football, Inc. for summary judgment dismissing the complaint against it; said motion denied and matter remitted to the Supreme Court for determination of plaintiffs' cross motion to amend their complaint and bill of particulars; and, as so modified, affirmed.

---

* To the extent that *Stuhlweissenburg v Town of Orangetown* (223 AD2d 633) holds to the contrary, we expressly decline to follow it.