WILLIAM A. TUTTLE, JR., Appellant, v TRC ENTERPRISES, INC., Doing Business as THUNDER RIDGE CYCLE PARK, et al., Respondents. [830 NYS2d 854]—

Carpinello, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered April 10, 2006 in Otsego County, which, inter alia, denied plaintiff's motion to dismiss defendants' affirmative defenses of release and assumption of risk.

On November 7, 2004, plaintiff paid a fee to participate in a "fun day" at a cycle park operated by defendants. While riding his motocross bike around the course, he collided with a utility vehicle being driven by one of defendants' employees. It is undisputed that the collision occurred on the blind side of a jump near the finish line. According to plaintiff, the first time he saw the utility vehicle was when he hit the ground following this final jump. He attempted to avoid the collision, to no avail. No yellow warning flag had been waved to warn plaintiff of this hazard.

In this action commenced by plaintiff to recover for the injuries he sustained that day, defendants' answer contained numerous affirmative defenses, only two of which are at issue, namely, that the action is barred by a release executed by him on the morning of the accident and assumption of risk. Plaintiff moved to dismiss these affirmative defenses and also sought partial summary judgment on the issue of liability. Supreme Court denied the motion, prompting this appeal.

Plaintiff contends that the release he signed on the morning of the practice session is void as against public policy by operation of statute (i.e., General Obligations Law § 5-326) and, therefore, Supreme Court erred in denying his motion to dismiss the affirmative defense of release. We agree. General Obliga-

tions Law § 5-326, by its express terms, is applicable to an owner or operator of a recreational facility who receives a fee from a user of such facility. Here, the cycle park was a place of amusement or recreation within the meaning of the statute and plaintiff paid a fee to defendants to participate in the scheduled "fun day." Therefore, the release executed by him is void as against public policy and wholly unenforceable (*see e.g. Williams v City of Albany*, 271 AD2d 855, 856 [2000]; *Petrie v Bridgehampton Rd. Races Corp.*, 248 AD2d 605, 605-606 [1998]; *Owen v R.J.S. Safety Equip.*, 169 AD2d 150, 152-154 [1991], *affd* 79 NY2d 967 [1992]; *Green v WLS Promotions*, 132 AD2d 521 [1987], *lv dismissed* 70 NY2d 951 [1988]; *Miranda v Hampton Auto Raceway*, 130 AD2d 558 [1987]).

Next, plaintiff contends that the assumption of risk doctrine does not preclude recovery by him because the presence of the utility vehicle on the blind side of a jump was a concealed and an unreasonably increased risk resulting in a dangerous condition over and above the usual dangers inherent in motocross racing. To be sure, the Court of Appeals has held that a participant in a sporting or recreational activity "will not be deemed to have assumed the risks of . . . concealed or unreasonably increased risks" (*Morgan v State of New York*, 90 NY2d 471, 485 [1997] [citations omitted]; *see Sharrow v New York State Olympic Regional Dev. Auth.*, 307 AD2d 605, 608 [2003]). Here, we find that questions of fact exist concerning whether plaintiff assumed the injury-producing risk such that this defense should not have been dismissed and summary judgment was inappropriate for either side (*see Williams v City of Albany, supra; Owen v R.J.S. Safety Equip., supra*).

To be sure, plaintiff was an experienced rider who was aware of the dangers inherent in the sport of motocross and who was also aware of the potential for the presence of other riders and vehicles on the track. In particular, he admitted seeing the subject utility vehicle cross the track while participants were operating their bikes on it. Defendants, however, conceded that utility vehicles on the track typically pose a danger to riders and that their employees are instructed to cross the track with such vehicles only if necessary and then only with caution. With respect to plaintiff's accident, defendants' employee acknowledged that he had lost control of the utility vehicle causing it to roll backward onto the track. He was then unable to get it off the track before plaintiff came over the final jump. As noted, the vehicle was stalled on the blind side of a jump and no flag was utilized in time to warn plaintiff. Given these facts, we find that a jury should decide whether plaintiff assumed the risk of

this particular injury (*see id.*; *see also Turcotte v Fell*, 68 NY2d 432, 439 [1986]).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss the affirmative defense of release; motion granted to that extent and said affirmative defense dismissed; and, as so modified, affirmed.