■ FRANK SISINO, JR., Respondent, v ISLAND MOTOCROSS OF NEW YORK, INC., et al., Appellants, et al., Defendants. [841 NYS2d 308]—

In an action to recover damages for personal injuries, the defendants Island Motocross of New York, Inc., Island Motocross of NY, Inc., Island Motocross, Long Island Cycle Park, Joseph Merrill, and Tammy Merrill appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered October 6, 2005, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured during a motocross practice session held at Long Island Cycle Park, a motocross track owned and operated by the defendant Island Motocross of New York, Inc. (hereinafter Island Motocross). The plaintiff commenced this action against, among others, Island Motocross, under several corporate and fictitious names, and Island Motocross's corporate officers Joseph Merrill and Tammy Merrill, in their individual capacities (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, based on an agreement signed by the plaintiff which purported to release them from liability for his injuries, and on the doctrine of assumption of risk. They further argued that summary judgment dismissing the complaint insofar as asserted against the individual defendants, Joseph Merrill and Tammy Merrill (hereinafter the Merrills), was also warranted on the ground that they could not be held vicariously liable, in their individual capacities, for any negligence of the corporation or its affiliates. The Supreme Court denied the motion. We affirm.

The Supreme Court properly determined that the agreement signed by the plaintiff, and purporting to release Island Motocross from any liability for his injuries, was unenforceable pursuant to General Obligations Law § 5-326 (see Petrie v Bridgehampton Rd. Races Corp., 248 AD2d 605, 606 [1998]; Miranda v Hampton Auto Raceway, 130 AD2d 558 [1987]).

The Supreme Court also properly determined that, under the circumstances, the doctrine of assumption of risk did not bar the plaintiff's negligence cause of action as a matter of law. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). However, a participant will not be deemed to have assumed concealed or unreasonably increased risks (*see Morgan v State of New York, supra* at 485). Summary judgment in favor of the defendants would be warranted were the theory of the plaintiff's action limited, as the defendants contend, to the absence of flagmen during his motocross practice. The plaintiff had completed prior laps on the track with no flagmen present, so that by the time of the accident, he was aware of and had voluntarily assumed any risks associated with the absence of cautions that flagmen could provide (*see Morgan v State of New York, supra* at 485-486; *Turcotte v Fell*, 68 NY2d 432, 437 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). However, the plaintiff contends that the defendants unreasonably increased the risks inherent in the sport of motocross by permitting all-terrain vehicles (hereinafter ATVs) to practice on the track simultaneously with motocross bikes, which action, he alleges, caused his injuries. The plaintiff asserts that he never observed any ATV on the track until the time of his accident. Implied assumption of risk is generally a question of fact for the jury (*see Maddox v City of New York*, 66 NY2d 270, 279 [1985]). The contradictory opinions contained in the expert affidavits submitted by the parties created a triable issue of fact as to whether the ATV-related risks were inherent to the sport or constituted increased risks, over and above those normally associated with motocross. Accordingly, the Supreme Court properly determined that triable issues of fact existed as to whether the plaintiff's assumption of the risk precluded summary judgment (*see Morgan v State of New York, supra* at 485).

The branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Merrills, in their individual capacities, was properly denied. Corporate officers may be held personally liable for torts they commit while acting in their official capacities (*see Bellinzoni v Seland*, 128 AD2d 580, 581 [1987]; *Clark v Pine Hill Homes*, 112 AD2d 755 [1985]; *Cleland v Fort Ticonderoga Assn.*, 71 AD2d 740 [1979]). The plaintiff does not merely allege that the Merrills were vicariously liable for the negligence of Island Motocross. Rather, the plaintiff proffered evidence that the Mer-

rills were personally responsible for the policy that permitted ATVs and motocross bikes to simultaneously share the same track during practice sessions, one of the allegations underlying the plaintiff's contention that the defendants increased the risks inherent in the sport of motocross.

The defendants' remaining contentions are without merit. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.