■ Victor N. Vanborkulo, Respondent, v Keller's Motor Sports, Ltd., et al., Appellants, et al., Defendants. [897 NYS2d 478]—

In an action to recover damages for personal injuries, the defendants Keller's Motor Sports, Ltd., Matt Cordiner, and

Richard Keller appeal from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated October 14, 2008, as denied those branches of the motion of those defendants and Keller's Korners, Inc., which were for summary judgment dismissing the complaint insofar as asserted against Keller's Motor Sports, Ltd., Matt Cordiner, and Richard Keller, the defendant Extreme Karting, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Joan Cressi appeals from so much of the same order as denied that branch of her motion, made jointly with the defendant Long Island Kart Association, Inc., which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondent, payable by the appellants appearing separately and filing separate briefs.

The plaintiff was riding a go-kart at an oval track for recreational purposes when his go-kart turned over, causing him to sustain personal injuries. The plaintiff alleged that the accident occurred when a go-kart operated by the defendant Matt Cordiner rear-ended his go-kart as the plaintiff was negotiating the curved portion of the track. Some go-karts had the capacity to move faster than others. The go-karts were supposed to be grouped so that only vehicles which traveled at a similar rate of speed would be on the track at the same time. The plaintiff alleged that Cordiner was riding a go-kart capable of travelling at a speed greater that the group of go-karts with which the plaintiff was riding and that Cordiner should not have been allowed to ride with the plaintiff's group. Indeed, the deposition testimony revealed that Cordiner's go-kart lapped the plaintiff's go-kart twice. The plaintiff contends that this discrepancy in speed was at variance with track protocol and unreasonably enhanced the risk assumed by him.

The doctrine of primary assumption of risk provides that a voluntary participant in a sporting event assumes the known risks normally associated with that sport (see Morgan v State of New York, 90 NY2d 471, 484 [1997]; Sisino v Island Motocross of N.Y., Inc., 41 AD3d 462 [2007]). Participants will not, however, be deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks (see Morgan v State of New York, 90 NY2d at 485). The appellants failed to establish, prima facie, that the plaintiff assumed the risk of injury. Based on the conflicting evidence presented, triable issues of fact exist as to whether Cordiner and the plaintiff

were operating go-karts that traveled at similar rates of speed, whether they should have been allowed to ride on the track at the same time, whether Cordiner was driving negligently under the circumstances, and whether the risk of injury was unreasonably enhanced vis-à-vis the plaintiff (*see Sisino v Island Motocross of N.Y., Inc.*, 41 AD3d 462 [2007]; *Irish v Deep Hollow*, 251 AD2d 293 [1998]).

The appellants' remaining contentions are either not properly before this Court or without merit. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.