# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**155**

**CA 12-01384**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

JENNIFER L. ABBOTT, ET AL.,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

TONAWANDA COKE CORPORATION, ET AL., DEFENDANTS,
AND JAMES DONALD CRANE, ALSO KNOWN AS J.D.
CRANE OR J. DONALD CRANE, DEFENDANT-APPELLANT.

---

HODGSON RUSS LLP, BUFFALO (BENJAMIN M. ZUFFRANIERI, JR., OF COUNSEL),
FOR DEFENDANT-APPELLANT.

RICHARD J. LIPPES & ASSOCIATES, BUFFALO, AND JOSEPH D. GONZALEZ,
WESTLAKE VILLAGE, CALIFORNIA, OF THE CALIFORNIA BAR, ADMITTED PRO HAC
VICE, FOR PLAINTIFFS-RESPONDENTS.

-------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered June 8, 2012. The order, among other things, denied that part of defendants' motion seeking to dismiss the first amended complaint against defendant James Donald Crane, also known as J.D. Crane or J. Donald Crane.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, damages for personal injuries and property damage that resulted from exposure to various toxic emissions allegedly released by defendant Tonawanda Coke Corporation (Tonawanda Coke). Plaintiffs assert in the first amended complaint that defendant James Donald Crane, also known as J.D. Crane or J. Donald Crane, is individually liable to plaintiffs because Crane, as an owner and officer of Tonawanda Coke, participated in and approved of decisions that resulted in the toxic emissions from the Tonawanda Coke plant. As relevant to this appeal, defendants moved to dismiss the first amended complaint against Crane, and Supreme Court denied that part of the motion. We affirm.

Inasmuch as defendants' motion is based on CPLR 3211 (a) (7), we must "accept the facts as alleged in the [first amended] complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . [T]he criterion is whether [plaintiffs have] a cause of action, not whether [they have] stated

one" (*Leon v Martinez*, 84 NY2d 83, 87-88 [internal quotation marks omitted]; *see Genesee/Wyoming YMCA v Bovis Lend Lease LMB, Inc.*, 98 AD3d 1242, 1244).  Crane contends that the court erred in denying that part of defendants' motion to dismiss the first amended complaint against him because plaintiffs failed to allege that he actively participated in the tortious conduct and he cannot be held individually liable based upon his status as an owner and officer of Tonawanda Coke.  We reject that contention.  Although "[a] corporate officer is not held liable for the negligence of the corporation merely because of his official relationship[,]" that officer will be held liable if it is established "that the officer was a participant in the wrongful conduct" (*Olszewski v Waters of Orchard Park*, 303 AD2d 995, 996 [internal quotation marks omitted]).  Plaintiffs alleged in the first amended complaint that Crane was or should have been aware of the relevant environmental regulations, was ultimately responsible for reporting benzene emissions to the Environmental Protection Agency, and personally supervised and exercised control over Tonawanda Coke's operations (*see Sisino v Island Motocross of N.Y., Inc.*, 41 AD3d 462, 464-465; *see also Poley v Rochester Community Sav. Bank* [appeal No. 2], 159 AD2d 944, 945).  Thus, plaintiffs have alleged that Crane actively participated in the wrongful conduct by approving the policies that allegedly caused the environmental contamination (*see Sisino*, 41 AD3d at 464-465; *see also Poley*, 159 AD2d at 945).

Entered:  March 15, 2013                        Frances E. Cafarell
                                                Clerk of the Court