Nicaj v Bethel Woods Ctr. for the Arts, Inc. (2020 NY Slip Op 07318)





Nicaj v Bethel Woods Ctr. for the Arts, Inc.


2020 NY Slip Op 07318


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Index No. 161998/15 Appeal No. 12578-12578A Case No. 2020-00376 

[*1]Kristina Nicaj, Plaintiff-Respondent,
v
Bethel Woods Center for the Arts, Inc., et al., Defendants-Appellants.


Havkins Rosenfeld Ritzert, LLP, New York (Steven H. Rosenfeld of counsel), for appellants.
Law Office of Glenn Verchick, New York (Glenn Verchick of counsel), for respondent.



Orders, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 12, 2019, and April 23 2020, which, respectively, denied defendants' motion for summary judgment dismissing the complaint and, upon reargument, adhered to the denial, unanimously affirmed, without costs.
Defendants established prima facie that they neither created nor had notice of the tire rut that plaintiff fell into on the premises of an outdoor music festival she was attending by submitting testimony that the festival grounds were inspected on the date of plaintiff's accident, [*2]that any ruts would have been filled in, and that no vehicles were allowed on the grounds while patrons were present (see Kesselman v Lever House Rest., 29 AD3d 302 [1st Dept 2006]).
The motion court should have declined to consider the video recordings proffered by plaintiff, because they were not properly authenticated (see Zegarelli v Hughes, 3 NY3d 64, 69 [2004]). The only testimony about the video recordings was plaintiff's general statement that they appeared more or less to show the festival grounds accurately. She did not testify, for example, that she witnessed the actual events shown in the recordings.
Even without considering the video, plaintiff raised issues of fact as to whether defendants created the dangerous condition on the premises by submitting the affidavit of a friend who attended the festival with her that she saw large vehicles operating on the grounds and that the lighting in the areas where attendees traversed from one stage to another was inadequate, which was supported by an expert affidavit. Another friend's affidavit indicated that he saw a tire rut near where plaintiff had fallen.
This action is not barred by the release allegedly obtained by defendants in connection with the online festival ticket purchase. The release is void and unenforceable pursuant to General Obligations Law § 5-326. The grounds on which the music festival was held were a place of amusement or recreation or a similar establishment, and plaintiff paid a fee to the owners and operators of the event to participate in the festival (see Tuttle v TRC Enters., Inc., 38 AD3d 992 [3d Dept 2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020