Bulfamante v Bulfamante (2025 NY Slip Op 02310)

Bulfamante v Bulfamante

2025 NY Slip Op 02310

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-05945
 (Index No. 56489/21)

[*1]Sebastian J. Bulfamante, et al., appellants,
v
Lucille R. Bulfamante, etc., respondent.

Fontana Giannini LLP (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellants.
Peirce & Salvato LLC, White Plains, NY (Richard A. Salvato of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated May 23, 2023. The order granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is denied.
On September 5, 2020, the plaintiff Sebastian J. Bulfamante (hereinafter the injured plaintiff) allegedly was injured while riding as a passenger on an all-terrain vehicle (hereinafter ATV) owned and operated by his cousin Sebastiano S. Bulfamante (hereinafter the decedent) when the ATV flipped over. The decedent died at the scene of the accident. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against the defendant Lucille R. Bulfamante, individually and as executor of the decedent's estate. The defendant moved for summary judgment dismissing the amended complaint, contending, inter alia, that the injured plaintiff assumed the risk of injury. In an order dated May 23, 2023, the Supreme Court granted the defendant's motion. The plaintiffs appeal. We reverse.
"Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity 'consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853, quoting Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Schroeder v D'Alessio, 229 AD3d 580, 581). Participants, however, are not deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks (see Morgan v State of New York, 90 NY2d at 485; Turcotte v Fell, 68 NY2d 432, 439; Sisino v Island Motocross of N.Y., Inc., 41 AD3d 462, 464). Here, the evidence submitted by the defendant in support of the motion raised triable issues of fact as to whether the manner in which the decedent was operating the ATV unreasonably enhanced the risk of injury and whether the doctrine of primary assumption of risk applies to this case (see Vanborkulo v Keller's Motor Sports, Ltd., 71 AD3d 874, 875-876; Demelio v Playmakers, Inc., 63 AD3d 777). Since the defendant failed to establish her prima facie entitlement to judgment [*2]as a matter of law dismissing the amended complaint, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the amended complaint.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court