WILLIAM F. O'DONNELL, as Administrator, etc., of LORETTA O'DONNELL, Deceased, Respondent, v. W. LOUIS JOHNSON, Appellant.— Judgment affirmed, with costs. Kelly, P. J., with whom Manning, J., concurs, votes for affirmance upon the ground that there was nothing about the photograph introduced in evidence (and which, although not printed in the record, was submitted to the court on the argument by consent of both parties) to indicate that it was introduced for any ulterior purpose, or that it was calculated to improperly influence the jury. The photograph referred to by the Court of Appeals in *Smith* v. *Lehigh Valley Railroad Co.* (177 N. Y. 379) is not before us, and we have no means of ascertaining its objectionable characteristics which led the Court of Appeals to sustain the objection to its reception in evidence; Lazansky, J., concurs, but would be constrained to vote for reversal upon authority of *Smith* v. *Lehigh Valley Railroad Co.* (*supra*) were it not for a grave doubt that the court in that case would have reversed because of the admission of decedent's photograph in evidence if other error, serious in its nature, had not been involved; Jaycox, J., with whom Kapper, J., concurs, dissents, and votes to reverse upon the law, and for a new trial, upon the ground that it was error to admit the photograph over defendant's objection and exception, on authority of *Smith* v. *Lehigh Valley Railroad Co.* (177 N. Y. 384), and upon the further ground that, in the condition of the proof, there was no purpose in introducing the photograph except to inject a personal element into the case.

GRANVILLE PADDON and TILLIE PADDON, Appellants, v. SALVATORE MAGNOTO and FILOMENA MAGNOTO, His Wife, Respondents, and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ.

ROSE M. PALMER and LILLIAN PALMER, Appellants, v. ROTARY REALTY CO., INC., and Others, Respondents.— Appeal from judgment entered in the office of the clerk of Kings county on June 2, 1926, dismissed, without costs, there being no record here upon which a determination can be made. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

DOMENICK POLUMBO, as Administrator, etc., of FRANCES POLUMBO, Deceased, Respondent, v. GRACE A. ANDREWS, etc., Appellant.— Judment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ.

CHARLES L. POPE, Appellant, v. GREGORY J. BATTCOCK, ANTHONY CIANCIULLI and JAMES F. NORRIS, Respondents.— Order of the County Court of Westchester county, reversing final order in summary proceedings, reversed on the law, with costs, and final order affirmed, without costs. The undertenants held possession subject to the lease between Winters and Battcock, which provides for payment of taxes by the lessee. The agreement of May 20, 1925, between Pope, landlord, and Battcock, lessee, was not a surrender of the premises occupied by the undertenants. After its execution the undertenants still held subject to the provision of the original lease as to taxes, but only as to that part duly apportioned to the premises possessed by them. On May 20, 1925, a demand was made for payment of taxes. It was the duty of the lessee and those holding under him to ascertain the amount thereof. Sixty days having passed since the demand, the landlord was in a position to invoke the remedy provided for in section 1410, subdivision 3, Civil Practice Act. Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ., concur.