■ JEAN A. KULL et al., Appellants, v. CITY OF NEW YORK, Respondent. — Appeal from an order of the Supreme Court, Queens County, dated January 2, 1968, which granted defendant's motion to dismiss plaintiffs' complaint on the ground of general delay in prosecution of the action. Order reversed, on the law, without costs, and motion denied, without costs. The findings of fact below are affirmed. We have held that CPLR 3216, as amended (L. 1967, ch. 770, eff. Sept. 1, 1967), shall be applied to all appeals reaching us after that effective date. Since a note of issue was served and filed prior to the service of the notice of motion, no dismissal could be had under CPLR 3216. Insofar as this holding is inconsistent with *Cohn* v. *Borchard Affiliations* (30 A D 2d 74), we choose not to follow that case. It is our determination that the provisions of CPLR 3216 are constitutional (N. Y. Const., art. VI, § 30; *Johnson* v. *Parrow*, 56 Misc 2d 863). Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ JAMES MAYES, as Administrator of the Estate of HATTIE M. MAYES, Deceased, Respondent, v. COUNTY OF NASSAU et al., Appellants.— In an action to recover damages for conscious pain and suffering and for wrongful death, resulting from medical malpractice, defendants appeal from a judgment of the Supreme Court, Nassau County, dated April 3, 1968, in favor of plaintiff upon a jury verdict of $2,500 for pain and suffering, $116,000 for wrongful death and $995.50 for funeral expenses. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor on the cause of action for wrongful death from $116,000 to $75,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and modified, is affirmed, without costs. In our opinion, the finding implicit in the verdict of the jury that defendants' negligence was a proximate cause of decedent's death was supported by the weight of the credible evidence. While photographs of the decedent should not have been admitted in evidence, the error was not so prejudicial as to require an unconditional reversal of the judgment (cf. *O'Donnell* v. *Johnson*, 218 App. Div. 857, affd. 245 N. Y. 551). We are of the opinion, however, that the verdict was excessive to the extent indicated. Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.