■ ROSLYN KORMAN, as Executrix of JULIUS KORMAN, Deceased, Respondent, v PUBLIC SERVICE TRUCK RENTING, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for wrongful death, defendants appeal from a judgment of the Supreme Court, Kings County (Mirabile, J.), entered April 23, 1984, which awarded plaintiff the principal sum of $350,000 for pecuniary loss and the principal sum of $50,000 for the decedent's pain and suffering after a jury verdict awarding plaintiff the principal sum of $1,000,000 for pecuniary loss and the principal sum of $500,000 for the decedent's pain and suffering, which amounts, after motions by defendants, were reduced as set forth above upon plaintiff's stipulation.

Judgment modified, on the facts and as an exercise of

discretion, by reducing the principal sum awarded to plaintiff to $50,000, representing damages for decedent's pain and suffering, and by adding thereto a provision severing plaintiff's claim for pecuniary loss and granting a new trial with respect thereto unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict in her favor for pecuniary loss to the principal sum of $150,000 and to the entry of an amended judgment accordingly. As so modified, judgment affirmed, without costs or disbursements. Plaintiff's time to serve and file a stipulation is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. In the event plaintiff so stipulates, then the judgment in her favor, as so reduced and amended, is affirmed, without costs or disbursements.

Since there was absolutely no evidence from which the jury could infer that the decedent was in any way at fault in causing the accident, the trial court properly instructed the jury that, as a matter of law, they could not find contributory negligence on the part of the decedent (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507; Willis v Young Men's Christian Assn., 28 NY2d 375).

Although plaintiff testified that the decedent performed certain household duties for her and provided love, guidance and advice to the couple's adult sons, which is sufficient proof of pecuniary loss to sustain her cause of action for wrongful death (see, Richardson v Lutheran Hosp., 70 AD2d 933), we find the award for pecuniary loss, even as reduced to the principal sum of $350,000, to be excessive to the extent it exceeded $150,000. The decedent was 65 years old at the time of his death and had been retired for approximately six years. His only source of income was Social Security benefits. There was no proof that these benefits, thereafter paid to plaintiff as the decedent's widow, had been reduced. Although plaintiff testified that she lost the companionship of her husband as a result of the accident, there can be no recovery for loss of consortium in a wrongful death action (see, Liff v Schildkrout, 49 NY2d 622).

However, the reduced award of $50,000 for the decedent's pain and suffering was appropriate compensation, based upon the testimony at trial (see, Juiditta v Bethlehem Steel Corp., 75 AD2d 126; Tenczar v Milligan, 47 AD2d 773). Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.