■ DONNA HUMISTON, Appellant, v ROCHESTER INSTITUTE OF TECHNOLOGY, Respondent.—Order unanimously reversed, on the law, with costs, and motion denied. Memorandum: In this negligence action, plaintiff seeks to recover damages for personal injuries based upon her claim that defendant breached a duty to its students by failing to secure its campus against intruders. After identifying in a bill of particulars 10 areas where she claimed security measures on defendant's campus were inadequate or nonexistent, plaintiff was deposed upon oral examination and asked to express her opinion generally as to the measures which defendant should have adopted to obviate the conditions specified in her bill of particulars. Following her refusal to answer, defendant moved for leave to serve interrogatories as to what plaintiff claims defendant should have done to discharge its alleged duty generally in the

10 areas described in plaintiff's bill of particulars. In our view, Special Term erred in granting defendant's motion. Plaintiff is not an expert on campus security and her personal opinion does not constitute "material and necessary" evidence which must be disclosed to defendant (CPLR 3101 [a]). Moreover, expert testimony is not required to establish the elements of reasonable care under the circumstances (see, *Havas v Victory Paper Stock Co.,* 49 NY2d 381, 386), and plaintiff cannot be compelled to retain an expert to answer defendant's interrogatories. Even if plaintiff has retained an expert to give proof on what constitutes reasonable care under the circumstances, the expert's opinion is not discoverable. CPLR 3101 (d), which permits discovery of expert opinion upon request, is applicable only to actions commenced on or after July 1, 1985 (L 1985, ch 294, §§ 4, 25). The within action was commenced on or about August 15, 1984 and is thus subject to the prior rule which generally prohibited the discovery of expert opinion evidence (see, *Miracolo v Mercedes-Benz of N. Am.,* 91 AD2d 679; *Coley v Michelin Tire Corp.,* 75 AD2d 610; *Peluso v Rochester Gen. Hosp.,* 64 AD2d 1013). (Appeal from order of Supreme Court, Monroe County, Provenzano, J.—leave to serve interrogatories.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.