■ CAROLYN RUBIN, Respondent, v NORMA AARON, Appellant. [594 NYS2d 797] —In an action to recover damages for personal injuries, etc., and wrongful death, the defendant appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered July 16, 1990, which, upon a jury verdict finding the defendant's decedent 100% at fault for the plaintiff's decedent's injuries, and 80% at fault for the plaintiff's decedent's death, and finding that damages for pain and suffering amounted to $240,000, damages for loss of services amounted to $200,000, damages for wrongful death to the plaintiff individually amounted to $550,000, and damages for wrongful death to the plaintiff's decedent's daughter Donna Rubin amounted to $100,000, is in favor of the plaintiff and against the defendant in the principal sum of $880,000, and in favor of the plaintiff's decedent's daughter in the principal sum of $80,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the third, fourth, and fifth decretal paragraphs thereof, awarding damages for loss of services and wrongful death, and a new trial is granted on the issue of damages for wrongful death and loss of services, unless, within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, (1) the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to (a) decrease the verdict as to damages for loss of services from $200,000 to $100,000, and (b) decrease the verdict as to damages for wrongful death to the plaintiff individually, from $550,000, to $210,000, and reduce the award to her for wrongful death from the principal sum of $440,000, to the principal sum of $168,000, and (2) Donna Rubin shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to decrease the verdict as to damages to her for wrongful death from

$100,000 to $25,000, and to reduce the award to her for wrongful death from the principal sum of $80,000 to the principal sum of $20,000; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that in the event the plaintiff and Donna Rubin so stipulate, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

Granting the plaintiff the benefit of the most favorable inferences that can be drawn from the evidence (see, Alexander v Eldred, 63 NY2d 460, 464; Lipsius v White, 91 AD2d 271, 277), it cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499; see also, Nicastro v Park, 113 AD2d 129, 132).

The plaintiff presented ample testimonial and documentary evidence, including testimony by two expert witnesses, establishing that Dr. Norman Aaron departed from accepted medical practice in prescribing and treating the plaintiff's decedent with the drug Ser-Ap-Es, an antihypertensive agent containing reserpine. The plaintiff further substantiated her claim that decedent's three-year depression and his suicide in September 1979, although occurring more than two months after Ser-Ap-Es was discontinued, were proximately caused by Dr. Aaron's deviations from accepted medical practice. We find that the plaintiff, therefore, offered "sufficient evidence from which reasonable [persons] might conclude that it was more probable than not that [decedent's] injury was caused by the defendant" (Sachs v Nassau County, 151 AD2d 558, 558-559, quoting Mertsaris v 73rd Corp., 105 AD2d 67, 82-83).

Moreover, upon according the jurors their proper deference as finders of the facts and assessors of the credibility of witnesses (see, Naveja v Hillcrest Gen. Hosp., 148 AD2d 429, 430; Stringile v Rothman, 142 AD2d 637, 640; Nicastro v Park, supra, at 136; Taype v City of New York, 82 AD2d 648, 650-651), we conclude that the verdict was supported by a fair interpretation of the credible evidence (see, O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431, 439).

Although the trial court improvidently exercised its discretion in admitting into evidence six pre-1976 photographs of the decedent looking happy, as contrasted with two post-Ser-Ap-Es photographs of the decedent looking sad, we conclude that any error must be considered harmless in view of the

court's limiting remarks and in view of the fact that the snapshots were few, were not inflammatory, and were admitted by the court *only* as illustrative of Rubin's momentary mood at the instant when the photographs were taken. In any event, the snapshots were essentially cumulative of the rather extensive testimony regarding the decedent's increasing despondency after 1976 *(see, People v Carter,* 132 AD2d 561; *Mayes v County of Nassau,* 31 AD2d 638).

The trial court did not err in admitting into evidence the package insert on Ser-Ap-Es in accordance with the standards enunciated in *Paul v Boschenstein* (105 AD2d 248), and *Nicolla v Fasulo* (161 AD2d 966), nor in instructing the jurors to consider it along with other evidence in their assessment of whether Dr. Aaron departed from accepted medical practice in his treatment of the plaintiff's decedent.

In addition, although some of plaintiff's counsel's remarks on summation were, on occasion, ill-advised, they were not "grossly improper," and we concur with the Trial Justice that such misconduct as there was "did not prevent the careful consideration of the evidence by the jury and did not influence its verdict" *(Reilly v Wright,* 55 AD2d 544, 545).

However, to the extent that the damages verdict for wrongful death exceeds $235,000 ($210,000 for the plaintiff individually and $25,000 for her adult daughter Donna Rubin who "relied heavily upon the decedent for advice and guidance" *[Gonzalez v New York City Hous. Auth.,* 161 AD2d 358, *affd* 77 NY2d 663; *Korman v Public Serv. Truck Renting,* 116 AD2d 631]), and to the extent that the award for loss of services exceeds $100,000, we find that the verdict "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). In the event the plaintiff and Donna Rubin decline to stipulate to the reduced amounts, there shall be a new trial on the issue of damages for wrongful death and loss of services. Balletta, J. P., Miller, Ritter and Santucci, JJ., concur.