■ RAYMOND PEREZ, Respondent, v FARRELL LINES INCORPORATED, Appellant. [637 NYS2d 360] —Judgment, Supreme Court, Bronx County (Alan Saks, J., and a jury), entered on or about April 29, 1994, in favor of plaintiff and against defendant in the amount of $914,698, inclusive of prejudgment interest, unanimously modified, on the law and the facts, so as to partially reinstate the jury's verdict to the extent of awarding plaintiff (1) $400,000 for past pain and suffering, (2) $250,000 for future pain and suffering, (3) $80,000 for future medical and dental expenses, (4) $46,632 for future loss of meals, and (5) $32,853 for past loss of meals, and otherwise affirmed, without costs.

Defendant did not proffer evidence that there were any visible grease spots present in the area where plaintiff fell before the accident. Therefore, the court did not err in denying defendant's request to charge the jury on comparative negligence based on plaintiff's failure to clean up same before commencing his assigned task. At most, defendant showed that by proceeding with his assigned task on a rainy day under slippery conditions, plaintiff assumed a risk inherent in his employment as a seaman. However, assumption of risk is not a defense in a Jones Act case (*Gibson v American Export Isbrandtsen Lines*, 125 AD2d 65, 71, citing, *inter alia, Tiller v Atlantic Coast Line R. R. Co.*, 318 US 54, 58). Defendant's remaining claims, including that the disclosure court erred in

not compelling plaintiff to submit to a neuropsychological examination without his lawyer present, are without merit (*Jakubowski v Lengen*, 86 AD2d 398, 400-401).

The jury awarded plaintiff damages totalling $1,950,780. The trial court granted defendant's oral motion pursuant to CPLR 4401 to the extent of granting defendant a new trial on the issue of damages unless plaintiff stipulated to a reduced verdict that totalled $872,337, before adding prejudgment interest and making adjustments for present value. Although plaintiff stipulated to the reduction, because defendant then brought this unsuccessful appeal, we are authorized to increase the amount of the judgment up to the amount of the verdict (CPLR 5501 [a] [5]; *see*, 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5501.13). Based on our review of the record, we agree with plaintiff that the trial court improperly exercised its discretion in reducing certain portions of the award to the extent that it did.

At the time of trial plaintiff was 58 years old, had a life expectancy of 19 years, and testified that he expected to work until age 70. The jury's award for future damages was for a seven year period, or until plaintiff reached age 65, while the award of past damages was for a $4^{1}/_{2}$ year period. Plaintiff suffered multiple substantial injuries (*e.g.,* brain injury [cerebral concussion], tear of the rotator cuff of the shoulder with painful impingement syndrome, caused by encroachment of the shoulder joint on the acromium bone, post-traumatic arthritic changes of the shoulder joint, which will probably require joint replacement by a prosthetic joint, temporomandibular joint [TMJ] injury) and severe pain (*e.g.,* left shoulder, neck, wrist, chest, jaw, and headaches). There was expert testimony that some of the pain would be permanent. The expert testimony also established that plaintiff would need three kinds of future medical and dental care: cognitive rehabilitative therapy for his brain injury; physical therapy for his orthopedic injuries; and dental treatment for his TMJ injury. In addition to physical injury and pain, the evidence established that plaintiff suffered from sleep difficulty, recurrent nightmares, chronic fatigue, forgetfulness, feelings of nervousness and depression, and other symptoms of post-concussion syndrome as a result of the accident. All of these conditions rendered plaintiff unfit for further sea duty, and negatively impacted on his ability to carry out his pre-accident social and athletic activities, such as playing baseball.

While we agree with the trial court that the full amount awarded by the jury to compensate for past pain and suffering and for future medical and dental costs, would, if left undis-

turbed, be excessive, in our view, reasonable compensation for these items of damages are, under all the circumstances present, $400,000 for plaintiff's past pain and suffering and $80,000 for future medical and dental costs. Because the jury's awards for future pain and suffering and past loss of meals, $250,000 and $32,853, respectively, were supported by the record and were not inconsistent with what would constitute reasonable compensation under the circumstances, the trial court should not have reduced those amounts and we fully reinstate the original awards for those categories of damages. Finally, we agree with the trial court that the amount awarded for future loss of meals was excessive, but find that it should only have been reduced to $46,632. Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.