■ SALVATORE CONIGLIARO, Appellant, et al., Plaintiff, v GOLFO PIZZA, INC., Doing Business as PIZZA DELITE, Respondent. [655 NYS2d 445] —In an action to recover damages for personal injuries, etc., the infant plaintiff appeals from an interlocutory judgment of the Supreme Court, Queens County (Lonschein, J.), entered January 3, 1996, which, upon (1) a jury verdict and (2) the denial of those branches of the plaintiffs' motion pursuant to CPLR 4404 which were (a) to set aside so much of the verdict as found that the infant plaintiff was 90% at fault in the happening of the accident and (b) to direct the entry of a judgment in favor of the plaintiffs on the issue of li-

ability, directed that the plaintiffs "have a 10 percent judgment upon the verdict against the defendant".

Ordered that the interlocutory judgment is reversed, on the law, and those branches of the plaintiffs' motion pursuant to CPLR 4404 which were (a) to set aside so much of the verdict as found that the infant plaintiff was 90% at fault in the happening of the accident and (b) to direct the entry of a judgment in favor of the plaintiffs on the issue of liability are granted, with costs.

The infant plaintiff was injured when a defective service window at the defendant pizzeria suddenly fell on his hand. The trial court, over the plaintiffs' objection, charged the jury on the issue of comparative negligence. Since there was absolutely no evidence from which the jury could infer that the infant plaintiff was in any way at fault in causing the accident, the trial court erred in failing to instruct the jurors that, as a matter of law, they could not find that the infant plaintiff was comparatively negligent (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Korman v Public Serv. Truck Renting,* 116 AD2d 631). Accordingly, the infant plaintiff is entitled to a judgment as a matter of law on the issue of liability (*see, Cohen v Hallmark Cards,* 45 NY2d 493).

The infant plaintiff's remaining contentions are academic in light of our determination. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.