■ BELLA RAMOS, as Administratrix of the Estate of CARLOS A. RAMOS, Deceased, Respondent, v LA MONTANA MOVING & STORAGE, INC., et al., Appellants. [669 NYS2d 529] —Judgment, Supreme Court, Bronx County (Kenneth Thompson, J.), entered September 12, 1996, awarding plaintiff the principal sums of $150,000 for decedent's wrongful death, $250,000 for decedent's conscious pain and suffering and $5,000 for funeral expenses, and bringing up for review an order of the same court and Justice, entered on June 21, 1996, which, inter alia, granted defendants' motion to set aside the jury's verdict unless plaintiff filed a written stipulation accepting damages in the above reduced amounts, unanimously modified, on the facts, to the extent of remanding the matter for a new trial only on the issue of damages for decedent's conscious pain and suffering and otherwise affirmed, without costs, unless defendants stipulate, within 30 days of the date of this order, to increase the award therefor to $900,000 and to entry of an amended judgment in accordance therewith, in which event the judgment, as so amended, affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The decedent was struck and killed by a driver who had consumed excessive amounts of alcohol. Decedent was initially struck by the back end of defendant's trailer truck and was then twice run over by the trailer truck's two rear wheels. He suffered excruciating crushing injuries and lived for approximately 15 to 30 minutes, during which time he suffered extreme pain. The jury awarded $3,000,000 damages for decedent's conscious pain and suffering, which the trial court reduced to $250,000, an amount to which plaintiff stipulated. In the circumstances, we find the trial court's reduction of damages to be more substantial than warranted by the record

and, pursuant to our power under CPLR 5501 (a) (5) (*see, Desa v City of New York*, 188 AD2d 313, 314, *lv denied* 81 NY2d 706; *Perez v Farrell Lines*, 223 AD2d 388, *lv denied* 88 NY2d 803) modify to increase the award to the extent indicated.

Plaintiff established a claim for pecuniary injuries where the proof established that decedent regularly provided baby sitting services to the three infant children of his daughters; imparted family, cultural and language traditions to these grandchildren; taught the grandchildren the Spanish language; provided regular counseling and guidance to his daughters and son; and provided emergency financial assistance to one of his daughters. The reduced award of $150,000 for such pecuniary injury is appropriate (*cf., Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 666; *Korman v Public Serv. Truck Renting*, 116 AD2d 631).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Williams and Tom, JJ.