■ Patsy Merola, Respondent, v Catholic Medical Center of Brooklyn & Queens, Inc., Doing Business as St. John's Hospital, Appellant, et al., Defendants. [808 NYS2d 395]—

In an action to recover damages for medical malpractice and wrongful death, the defendant Catholic Medical Center of Brooklyn and Queens, Inc., doing business as St. John's Hospital, appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Golar, J.), dated September 9, 2003, as, upon a jury verdict awarding damages to the plaintiff in the principal sums of $3,000,000 for conscious pain and suffering, $4,000,000 for past and future pecuniary loss sustained by the plaintiff, Patsy Merola, $4,000,000 for past and future pecuniary loss sustained by Christine Merola, and $5,000,000 for past and future pecuniary loss sustained by Michael Merola, upon an order of the same court dated April 29, 2002, granting that branch of its motion pursuant to CPLR 4404 which was to set aside the jury verdict only to the extent of granting a new trial on the issue of damages unless the plaintiff stipulated to reduce the award to the principal sums of $350,000 for conscious pain and suffering, $250,000 for past and future pecuniary loss sustained by the plaintiff, Patsy Merola, $600,000 for past and future pecuniary loss sustained by Christine Merola, and $900,000 for past and future pecuniary loss sustained by Michael Merola, upon the plaintiff's stipulation so reducing those damages, and upon an order of the same court dated March 14, 2003, denying that branch of its motion pursuant to CPLR 4545 which was to offset the judgment against it based on collateral source payments, is in favor of the plaintiff and against it in the principal sum of $2,100,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding the principal sums of $250,000 for past and future pecuniary loss sustained by the plaintiff, Patsy Merola, $600,000 for past and future pecuniary loss sustained by Christine Merola, and $900,000 for past and future pecuniary loss sustained by Michael Merola, and granting a new trial on the issue of damages for past and future pecuniary loss sustained by the plaintiff, Patsy Merola, Christine Merola, and Michael Merola only, unless within 30 days after service of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past and future pecuniary loss sustained by the plaintiff, Patsy Merola, from the sum of $250,000 to the sum of $50,000, for past and future pecuniary loss sustained by Christine Merola from the sum of $600,000 to the sum of $400,000, and for past and future pecuniary loss sustained by Michael Merola from the sum of

$900,000 to the sum of $700,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The evidence adduced at the trial failed to support the trial court's reduced award of $250,000 for pecuniary loss sustained by the decedent's husband, the plaintiff, Patsy Merola, for loss of the decedent's household services. While the plaintiff established his claim by producing proof as to the nature of the services formerly performed by the decedent (*see Ramos v La Montana Moving & Stor.,* 247 AD2d 333, 334 [1998]; *Korman v Public Serv. Truck Renting,* 116 AD2d 631, 632 [1986]), he did not produce expert testimony or other evidence regarding the value of those services (*see generally De Long v County of Erie,* 60 NY2d 296, 307 [1983]; *Smith v Woods Constr. Co.,* 309 AD2d 1155, 1157 [2003]). Based on the evidence presented, the award is excessive and should further be reduced to $50,000 (*see generally Rubin v Aaron,* 191 AD2d 547 [1993]; *Korman v Public Serv. Truck Renting, supra*).

The awards for past and future pecuniary loss sustained by Christine Merola and Michael Merola are similarly excessive to the extent indicated.

The appellant's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.