■ George Hoehmann, Respondent, v Robert Siebkin et al., Defendants, and Stephan Goodman et al., Appellants. [832 NYS2d 643]—

In an action, inter alia, to recover damages for wrongful death, the defendants Stephan Goodman and James S. Vela appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), entered September 19, 2005, as, upon so much of a jury verdict as awarded damages in the principal sums of $750,000 for conscious pain and suffering, $36,000 for past pecuniary loss, $9,000 for future pecuniary loss, and $25,000 for medical expenses, and upon the denial of that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of damages as against the weight of the evidence and as excessive, is in favor of the plaintiff and against them in the principal sum of $820,000.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, by (1) deleting the provision thereof awarding damages in the principal sum of $25,000 for medical expenses, and (2) deleting the provision thereof awarding the plaintiff damages in the principal sum of $750,000 for conscious pain and suffering, and substituting therefor a provision granting that branch of the appellants' motion pursuant to CPLR 4404 (a) which was to set aside, as excessive, so much of the jury verdict as awarded damages in the principal sum of $750,000 for conscious pain and suffering and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, with costs, unless, within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Rockland County, a written stipulation consenting to reduce the verdict as to damages for pain and suffering from the principal sum of $750,000 to the principal sum of $525,000, and to the entry of an amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an amended judgment accordingly.

Due to his complaints of shortness of breath, the plaintiff's

decedent was admitted to Nyack Hospital on April 12, 2000. His attending physician diagnosed him with pneumonia. On April 17, 2000 the decedent complained of abdominal pain and his physician ordered a consultation by two gastroenterologists, the defendants Stephan Goodman and James S. Vela. However, the decedent developed pancolitis, an inflammation of the entire colon, and megacolon, a massive distension of the colon. The megacolon led to systemic toxicity and multiple organ failure, resulting in his death on April 21, 2000.

The award for conscious pain and suffering deviates materially from what would be considered reasonable compensation and is excessive to the extent indicated (*see* CPLR 5501 [c]; *Merola v Catholic Med. Ctr. of Brooklyn & Queens, Inc.,* 24 AD3d 629, 631 [2005]; *Ramos v Shah,* 293 AD2d 459 [2002]; *Kogan v Dreifuss,* 174 AD2d 607, 609 [1991]). However, the awards for individual pecuniary loss are not against the weight of the evidence nor do they deviate materially from what would be reasonable compensation (*see Ramos v La Montana Moving & Stor.,* 247 AD2d 333, 334 [1998]; *Glassman v City of New York,* 225 AD2d 658, 660 [1996]; *Rubin v Aaron,* 191 AD2d 547, 549 [1993]).

The defendants were prejudiced by the plaintiff's failure to notify them in the bills of particulars or prior to trial of his intent to recover the amount charged on the decedent's hospital bill as medical expenses (*see Johnson v Lazarowitz,* 4 AD3d 334, 335 [2004]; *Palchik v Eisenberg,* 278 AD2d 293, 294 [2000]). The plaintiff introduced into evidence the hospital bill, which reflected the total charges for the decedent's stay in the hospital, from April 12, 2000 to April 21, 2000. It was prejudicial to the defendants to admit the entire hospital bill when the decedent was admitted to the hospital on April 12, 2000 for a medical problem unrelated to that which caused his death. Moreover, the defendants were not involved in his treatment until April 17, 2000. Accordingly, it was improper and prejudicial to the defendants to admit the hospital bill summarizing all charges for the decedent's entire stay in the hospital. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.