■ In the Matter of BENDERSON DEVELOPMENT COMPANY, LLC, Respondent, v ZONING BOARD OF APPEALS OF CITY OF UTICA, Respondent, and KESSEL BRENT CORPORATION, Appellant. [891 NYS2d 792]—

Furthermore, the evidence in the record does not support the sole basis for the court's determination. In its decision, the court concluded that the determination of the ZBA was arbitrary and capricious because it failed to follow the procedural requirements in General City Law § 81-a concerning hearings, notice and timeliness of decisions. The ZBA was required to decide the appeal within 62 days unless "extended by mutual consent of the applicant [here, Kessel Brent] and the" ZBA (§ 81-a [8]), and the ZBA and Kessel Brent were required to meet certain other procedural requirements concerning the filing and consideration of the appeal from the Planning Board's determi-

nation (*see e.g.* Utica City Code §§ 2-29-101, 2-29-108, 2-29-571 [3]). The only relevant evidence in the record with respect to the issue of consent establishes that Kessel Brent consented to the delay in determining the appeal, but there is no competent evidence in the record concerning whether the other procedural requirements were met. Moreover, the court did not explore the need for review under article 8 of the Environmental Conservation Law (State Environmental Quality Review Act), or the other issues raised in the petition. We note that, although this Court may make its own findings, here the court decided the petition on procedural grounds without reaching the merits and the record is insufficient to enable us to do so. We therefore reverse the judgment and remit the matter to Supreme Court for further proceedings on the petition consistent with our decision. Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.