# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**62**

**CA 16-01003**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

FREDERICK G. KNIGHT, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT HOLLAND AND CIRCLE L, LLC,
DEFENDANTS-APPELLANTS.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (CAROL R. FINOCCHIO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered January 28, 2016.  The judgment,
among other things, awarded plaintiff money damages as against
defendants.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting the posttrial motion in
part and setting aside the verdict with respect to damages for past
and future loss of household services and as modified the judgment is
affirmed without costs, and a new trial is granted on damages for
future loss of household services only unless plaintiff, within 20
days of service of a copy of the order of this Court with notice of
entry, stipulates to reduce the award of damages for future loss of
household services to $100,000, in which event the judgment is
modified accordingly and as modified the judgment is affirmed without
costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained at an automobile race track operated by
defendant Circle L, LLC (Circle L).  Plaintiff's son was racing on the
night plaintiff was injured, and plaintiff paid a fee to enter the pit
area and signed a liability waiver form.  While he was in the pit
area, plaintiff was struck by a race car driven by defendant Robert
Holland (Holland), who was backing up the vehicle with the assistance
of two spotters on his way to the track for a qualifying heat.
Plaintiff alleged that Holland was negligent in the operation of his
vehicle and that Circle L was negligent in the operation of the pit
area, in which there were no speed limits or designated parking areas,
and both vehicles and pedestrians were permitted to travel freely
through it.  Following a trial, the jury apportioned liability for the
accident 50% to Circle L, 30% to Holland, and 20% to plaintiff, and

awarded plaintiff damages for past and future pain and suffering and past and future loss of household services.  Supreme Court denied defendants' posttrial motion to set aside the verdict, and this appeal ensued.

Contrary to defendants' contention, the court properly granted plaintiff's motion for a directed verdict establishing that the liability waiver was invalid and that the action was not barred by the doctrine of primary assumption of the risk, inasmuch as there was "no rational process" by which the jury could have found in favor of defendants on those issues (*Szczerbiak v Pilat*, 90 NY2d 553, 556). With respect to the waiver, General Obligations Law § 5-326 voids any such agreement entered into in connection with, as relevant here, the payment of a fee by a "user" to enter a place of recreation. Plaintiff testified at trial that he was a mere spectator on the night of the accident, thereby establishing that he was a user entitled to the benefit of section 5-326 (*see Gilkeson v Five Mile Point Speedway*, 232 AD2d 960, 960-961; *Gaskey v Vollertsen*, 110 AD2d 1066, 1066-1067), and there was no evidence from which the jury could have rationally found that plaintiff was a participant in the event whose attendance was "meant to further the speedway venture" (*Smith v Lebanon Val. Auto Racing*, 167 AD2d 779, 780; *see generally Howell v Dundee Fair Assn.*, 73 NY2d 804, 806).  Although defendants' expert witness testified that "[e]veryone in the pits is a participant," that opinion was not supported by any evidentiary foundation and therefore lacked probative force (*see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544; *Wittman v Nice*, 144 AD3d 1675, 1676).

With respect to the doctrine of primary assumption of the risk, we conclude that the risk that a pedestrian will be struck by a driver backing up in the pit area, well before the driver is participating in a race, is not inherent in the activity of automobile racing (*see Hawkes v Catatonk Golf Club*, 288 AD2d 528, 529-530; *Green v WLS Promotions*, 132 AD2d 521, 521-522, *lv dismissed* 70 NY2d 951; *see generally Morgan v State of New York*, 90 NY2d 471, 488), and thus that the doctrine is inapplicable to this case (*see Morgan*, 90 NY2d at 488; *Repka v Arctic Cat, Inc.*, 20 AD3d 916, 919-920; *see generally Custodi v Town of Amherst*, 20 NY3d 83, 87-90).

We reject defendants' further contention that the doctrine of law of the case precluded the court from directing a verdict in plaintiff's favor after it had denied prior motions by plaintiff directed at the issues of waiver and primary assumption of the risk, including a motion for partial summary judgment.  " 'A denial of a motion for summary judgment is not necessarily . . . the law of the case that there is an issue of fact in the case that will be established at the trial' " (*Wyoming County Bank v Ackerman*, 286 AD2d 884, 884; *see Bukowski v Clarkson Univ.*, 86 AD3d 736, 739, *affd* 19 NY3d 353).

Defendants further contend that the court erred in failing to instruct the jury on implied assumption of the risk as an aspect of plaintiff's culpable conduct (*see generally* CPLR 1411).  As an initial matter, we agree with defendants that they preserved this contention

for our review.  After the court granted plaintiff's motion for a directed verdict, defendants' attorney made an argument addressed to the jury's consideration of assumption of the risk and plaintiff's comparative negligence, and the court stated that assumption of the risk "is not part of this case."  While defendants did not specifically request a charge on implied assumption of the risk (*see* PJI 2:55), we conclude that they sufficiently alerted the court to the relevant question and preserved the issue for our review (*see generally Piotrowski v McGuire Manor, Inc.*, 117 AD3d 1390, 1392-1393). We further agree with defendants that a charge on implied assumption of the risk should have been given because there was evidence that plaintiff "disregard[ed] a known risk by voluntarily being in a dangerous area" (*Beadleston v American Tissue Corp.*, 41 AD3d 1074, 1076; *see Romanchick v Havens*, 159 AD2d 1022, 1022).  Inasmuch as the jury was properly instructed on comparative negligence and apportioned 20% of the liability for the accident to plaintiff, however, we conclude that this error did not prejudice a substantial right of defendants and thus does not warrant reversal (*see* CPLR 2002; *Wild v Catholic Health Sys.*, 85 AD3d 1715, 1717-1718, *affd* 21 NY3d 951; *Capelli v Prudential Bldg. Maintenance of N.Y.*, 99 AD2d 501, 501-502; *cf. Shire v Mazzilli*, 203 AD2d 275, 275).

Contrary to defendants' contention, the evidence is legally sufficient to support the jury's liability findings.  Although plaintiff conceded in his testimony that Holland could not see behind him from inside his race car, that testimony did not constitute a formal judicial admission that would conclusively establish the fact admitted (*see generally Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74, 79, *lv denied* 100 NY2d 512).  Moreover, regardless of whether Holland could have seen plaintiff, the evidence supported a finding of liability against him on the theory that he drove too fast in reverse in the pit area.  Defendants' challenge to the finding of liability against Circle L is based on alleged defects in the opinion of plaintiff's expert, and we reject it.  Whether the pit area was reasonably safe under the circumstances was within the understanding of the jury and did not require expert proof (*see generally Havas v Victory Paper Stock Co.*, 49 NY2d 381, 386; *Murphy v Crecco*, 255 AD2d 300, 300; *Humiston v Rochester Inst. of Tech.*, 125 AD2d 957, 958), and we conclude in any event that the expert had a sufficient foundation for his opinions (*see generally Cuevas v City of New York*, 32 AD3d 372, 374).  The liability verdict is not against the weight of the evidence, inasmuch as "it cannot be said that the preponderance of the evidence in favor of [defendants] is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Homan v Herzig* [appeal No. 2], 55 AD3d 1413, 1414 [internal quotation marks omitted]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

Defendants further contend that the awards of damages for past and future loss of household services are not supported by legally sufficient evidence and are against the weight of the evidence, and we conclude that their posttrial motion adequately preserved this contention for our review notwithstanding their failure to object to the inclusion of loss of household services as a category of damages on the verdict sheet (*see generally* CPLR 4404 [a]; *City of Plattsburgh*

*v Borner*, 38 AD3d 1047, 1048).  We agree with defendants that the award for past loss of household services must be set aside because there was no evidence that plaintiff incurred "any actual expenditures on household services between the accident and the date of verdict" (*Schultz v Harrison Radiator Div. Gen. Motors Corp.*, 90 NY2d 311, 320).

In light of the evidence that plaintiff could no longer perform certain household services that he had performed prior to the accident, the jury was entitled to find that plaintiff was "reasonably certain" to incur damages for future loss of household services (*id.* at 321; *see Presler v Compson Tennis Club Assoc.*, 27 AD3d 1096, 1097; *Merola v Catholic Med. Ctr. of Brooklyn & Queens, Inc.*, 24 AD3d 629, 631).  In addition, "[e]xpert testimony, although permissible, is not a prerequisite to establishing the value of household services" (*Kastick v U-Haul Co. of W. Mich.*, 259 AD2d 970, 970).  Nonetheless, in view of the lack of any testimony establishing the value of plaintiff's household services, as well as the fact that the future award was intended to cover a period of only nine years, we conclude that the verdict insofar as it awarded damages of $300,000 for future loss of household services is against the weight of the evidence (*see Leto v Amrex Chem. Co., Inc.*, 85 AD3d 1509, 1510-1511; *Hixson v Cotton-Hanlon, Inc.*, 60 AD3d 1297, 1298; *Merola*, 24 AD3d at 631; *cf. Kihl v Pfeffer*, 47 AD3d 154, 161).  Based on the evidence presented at trial, we conclude that $100,000 is the maximum amount that the jury could have awarded for future loss of household services.  We therefore modify the judgment accordingly, and we grant a new trial on damages for future loss of household services only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for future loss of household services to $100,000, in which event the judgment is modified accordingly.

Entered:  March 31, 2017                          Frances E. Cafarell
                                                  Clerk of the Court