Finney v Morton (2019 NY Slip Op 01744)





Finney v Morton


2019 NY Slip Op 01744


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-05498
 (Index No. 4654/13)

[*1]Amy Finney, etc., respondent, 
v
Christopher A. Morton, Jr., appellant.


Pillinger Miller Tarallo, LLP, Elmsford, NY (Daniel O. Dietchweiler of counsel), for appellant.
Gregory W. Bagen, Brewster, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated April 4, 2016. The judgment, upon a decision of the same court dated July 2, 2015, made after a nonjury trial, and upon an order of the same court dated April 4, 2016, denying the defendant's motion pursuant to CPLR 4404(b), inter alia, to set aside so much of the decision as determined that the plaintiff was entitled to awards of damages for past and future loss of household services, apportioned 95% of the fault in the happening of the accident to the defendant and 5% of the fault to the decedent and awarded the plaintiff damages in the principal sums of $108,364.60 for past lost earnings, $904,021.90 for future lost earnings, $15,200 for past loss of household services, $336,070.10 for future loss of household services, and $82,877.05 for future lost benefits.
ORDERED that the judgment is reversed, on the facts, that branch of the defendant's motion pursuant to CPLR 4404(b) which was to set side so much of the decision as determined that the plaintiff was entitled to awards of damages for past and future loss of household services is granted, the order dated April 4, 2016, is modified accordingly, and the matter is remitted to the Supreme Court, Dutchess County, for a recalculation of the damages awarded for past lost earnings, future lost earnings, and future lost benefits, based upon an apportionment of 85% of the fault in the happening of the accident to the defendant and 15% of the fault to the decedent, and the entry of an appropriate amended judgment thereafter.
On August 26, 2012, the decedent and his friend were riding their motorcycles in the northbound lane on Route 414 in the Town of Hector. The defendant was driving his pickup truck approximately two car lengths behind the decedent at a speed of 55 miles per hour. The decedent thereafter sustained fatal injuries when his motorcycle was struck by the defendant's vehicle. The plaintiff, the decedent's wife and administrator of his estate, commenced this action, inter alia, to recover damages for wrongful death. After a nonjury trial, the Supreme Court rendered a verdict finding, among other things, that the defendant was 95% at fault in the happening of the accident and that the decedent was 5% at fault, and awarding damages to the plaintiff in the principal sums of $108,364.60 for past lost earnings, $904,021.90 for future lost earnings, $15,200 for past loss of household services, $336,070.10 for future loss of household services, and $82,877.05 for future lost benefits. The defendant moved pursuant to CPLR 4404(b), inter alia, to set aside so much of the verdict as awarded damages for past and future loss of household services. The Supreme Court [*2]denied that branch of the defendant's motion in an order dated April 4, 2016, and a judgment was entered in favor of the plaintiff. The defendant appeals.
"Where, as here, a case is tried without a jury, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' and hearing the testimony" (West St. Props., LLC v American States Ins. Co., 150 AD3d 792, 794, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [internal quotation marks omitted]; see Domanova v State of New York, 41 AD3d 633, 634; Letterese v State of New York, 33 AD3d 593, 593).
Here, the Supreme Court's determination that the defendant was 95% at fault in the happening of the accident was not warranted by the facts. "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Niyazov v Hunter EMS, Inc., 154 AD3d 954, 954 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]; Nsiah-Ababio v Hunter, 78 AD3d 672, 672). Since there was ample evidence presented at trial demonstrating that the defendant failed to maintain a safe following distance under the prevailing conditions in violation of Vehicle and Traffic Law § 1129(a), we agree with the court's determination that the defendant's negligence was a substantial factor in the happening of the accident. However, the trial evidence, including the testimony of a New York State trooper who witnessed the accident, established that immediately before the collision, the decedent abruptly veered to the left toward the center line of the road and stopped his motorcycle ahead of the defendant's vehicle in the lane of travel. While we agree that the decedent's negligent conduct also constituted a proximate cause in the happening of the accident, we disagree with the court's apportionment of liability of only 5% to the decedent. Under the circumstances, and considering the negligence of both parties involved in the accident, we determine that the record warrants an apportionment of 85% of the fault to the defendant, and 15% of the fault to the decedent (see generally Robinson v Brooklyn Union Gas Co., 160 AD3d 999, 1001; Loja v Lavelle, 132 AD3d 637, 640; DiDonna v Houck, 111 AD3d 662, 664). Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a recalculation of the damages awarded for past lost earnings, future lost earnings, and future lost benefits, and the entry of an appropriate amended judgment thereafter.
The evidence adduced at trial failed to support the awards of damages for past and future loss of household services (see Schultz v Harrison Radiator Div. Gen. Motors Corp., 90 NY2d 311, 320-321; Hyung Kee Lee v New York Hosp. Queens, 118 AD3d 750, 754; Merola v Catholic Med. Ctr. of Brooklyn & Queens, Inc., 24 AD3d 629, 631). "Future damages for the loss of household services is a quantitative economic loss separate and apart from pain and suffering" (Kihl v Pfeffer, 47 AD3d 154, 161). "[T]he standard by which to measure the value of past and future loss of household services is the cost of replacing the decedent's services" (Klos v New York City Tr. Auth., 240 AD2d 635, 637; see Hyung Kee Lee v New York Hosp. Queens, 118 AD3d at 754-755; Kastick v U-Haul Co. of W. Mich., 292 AD2d 797, 799). "[F]uture damages for loss of household services should be awarded only for those services which are reasonably certain to be incurred and necessitated by [the decedent's death]" (Schultz v Harrison Radiator Div. Gen. Motors Corp., 90 NY2d at 320-321). "[T]he calculation of those damages does not require absolute certainty . . . . The law . . . requires only that [they] be capable of measurement based upon known reliable factors without undue speculation'" (Presler v Compson Tennis Club Assoc., 27 AD3d 1096, 1097, quoting Ashland Mgt. v Janien, 82 NY2d 395, 403).
Here, although the plaintiff's expert economist valued the loss of the decedent's household services based on a statistical average of services performed in a two-person household, there was no evidence in the record as to the nature and frequency of any services actually performed by the decedent prior to his death. Rather, the record was silent on this issue. In addition, there was no evidence of actual expenditures incurred in replacing whatever household services the decedent may have performed in the past, or of any anticipated future expenditures with regard to such services. Accordingly, the plaintiff should not have been awarded damages for past and future loss of household services since, in the absence of any evidence establishing what services the decedent [*3]actually performed, those awards were speculative and were not warranted by the facts.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court