Wilsman v Benderson Dev. Co., LLC (2026 NY Slip Op 01663)

Wilsman v Benderson Dev. Co., LLC

2026 NY Slip Op 01663

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

117 CA 25-00340

[*1]KATHRYN WILSMAN, PLAINTIFF,
vBENDERSON DEVELOPMENT COMPANY, LLC, TRANCOM, LLC, TRANCOM-A, LLC, TRANCOM-B, LLC, DEFENDANTS-RESPONDENTS, AND ACCADIA SITE CONTRACTING, INC., DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

ERNSTROM & DRESTE, LLP, ROCHESTER (MICHAEL F. HIGGINS OF COUNSEL), FOR DEFENDANT-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 6, 2025, in a personal injury action. The judgment, among other things, awarded defendants Benderson Development Company, LLC, Trancom, LLC, Trancom-A, LLC, and Trancom-B, LLC, the sum of $4,480,258.40 against defendant Accadia Site Contracting, Inc. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the post-verdict motion of Benderson Development Company, LLC, Trancom, LLC, Trancom-A, LLC, and Trancom-B, LLC, is denied to the extent that it seeks to enforce that part of a prior order granting them summary judgment on their cross-claim for contractual indemnification, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she pushed a shopping cart into a pothole in a parking lot on property owned by defendants Benderson Development Company, LLC, Trancom, LLC, Trancom-A, LLC, and Trancom-B, LLC (collectively, Benderson defendants). Prior to plaintiff's accident, the Benderson defendants had entered into a snow removal contract with defendant Accadia Site Contracting, Inc. (Accadia). In their answer, the Benderson defendants asserted, inter alia, a cross-claim for contractual indemnification against Accadia based on the provision in the contract requiring Accadia to defend and indemnify them from any claims "arising out of or resulting from performance of services under this Contract." Accadia subsequently moved for summary judgment dismissing the complaint and all cross-claims against it, including the cross-claim for contractual indemnification, and the Benderson defendants cross-moved for partial summary judgment on, inter alia, the issue of contractual indemnification.
In its written decision, Supreme Court concluded that the Benderson defendants "established . . . entitlement to summary judgment on [their cross-claim against Accadia] insofar as [they] can establish at trial that plaintiff's action against [the Benderson defendants] arises out of or results from the performance of the work by Accadia" (emphasis added). The corresponding order, however, states that Accadia's motion for summary judgment was denied and that the Benderson defendants' cross-motion was granted unconditionally "as to Accadia . . . on [the Benderson's defendants'] cross-claim for contractual indemnification." Accadia thereafter moved for leave to reargue its summary judgment motion and its opposition to the cross-motion based on the apparent conflict between the language in the decision and the order. However, the court did not issue a decision or order on Accadia's motion to reargue.
The action proceeded to trial, and the jury determined, inter alia, that Accadia was not negligent, that the Benderson defendants were negligent, and that the Benderson defendants were 100 percent at fault and their negligence was a substantial factor in causing plaintiff to sustain an injury, after which it awarded damages. Accadia then moved for, inter alia, leave to renew its summary judgment motion based on the jury's verdict, and the Benderson defendants moved for, inter alia, an order enforcing the prior order granting them summary judgment on the cross-claim for contractual indemnification with respect to Accadia. In an order, the court, inter alia, denied Accadia leave to renew and granted the Benderson defendants' motion to the extent that it sought to enforce the prior order. The court then issued a judgment in favor of the Benderson defendants and against Accadia for the entire amount of the damages awarded to plaintiff. Accadia now appeals from the orders and judgment.
Preliminarily, we note that Accadia's appeal from the order in appeal No. 1, i.e., the order denying Accadia's motion for summary judgment and granting in part the Benderson defendants' cross-motion for summary judgment, and Accadia's appeal from the order in appeal No. 3, i.e., the order denying Accadia's motion for leave to renew and granting that part of the Benderson defendants' motion seeking enforcement, must be dismissed inasmuch as those orders are interlocutory orders subsumed in the final judgment in appeal No. 2 (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; see generally CPLR 5501 [a] [1]). The appeal from the judgment in appeal No. 2 brings up for review the propriety of those prior orders (see CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d 241, 248 [1976]).
In appeal No. 2, contrary to Accadia's contention, the indemnification provision in the parties' snow removal service contract is not subject to General Obligations Law § 5-322.1 (1) inasmuch as it was "not a contract for 'the construction, alteration, repair or maintenance of a building, structure, appurtenances and appliances' " (ZRAJ Olean, LLC v Erie Ins. Co. of N.Y., 134 AD3d 1557, 1560 [4th Dept 2015], lv denied 29 NY3d 915 [2017], quoting General Obligations Law § 5-322.1 [1]; see Emerson v KPH Healthcare Servs., Inc., 203 AD3d 1272, 1274 [3d Dept 2022]).
We agree with Accadia, however, that there is a triable issue of fact whether the Benderson defendants are entitled to contractual indemnification. "It is axiomatic that, where a decision and an order or judgment conflict, the decision controls" (Matter of 1640 State Rte. 104, LLC v Town of Ontario Planning Bd., 207 AD3d 1101, 1103 [4th Dept 2022]; see Austin Harvard LLC v City of Canandaigua, 141 AD3d 1158, 1159 [4th Dept 2016]; Matter of Benderson Dev. Co., LLC v Zoning Bd. of Appeals of City of Utica, 68 AD3d 1814, 1815 [4th Dept 2009]). Thus, despite the conflicting language between the decision and the order, the controlling determination concerning the cross-claim for contractual indemnification with respect to Accadia is the part of the decision wherein the court concluded that the Benderson defendants' cross-claim for indemnification against Accadia would depend on whether they could "establish at trial that plaintiff's action against [the Benderson defendants] arises out of or results from the performance of the work by Accadia" (see Stevenson v Red Roof Inns, Inc., 213 AD3d 1228, 1229 [4th Dept 2023]; see generally Magrath v Migliore Constr. Co., 139 AD2d 893, 894 [4th Dept 1988]).
Although the action proceeded to trial, the jury was not asked to determine whether plaintiff's injuries arose out of or resulted from Accadia's performance of its work under the snow removal contract, and neither party moved for a directed verdict (cf. Knight v Holland, 148 AD3d 1726, 1727-1728 [4th Dept 2017]). Thus, the triable issue of fact upon which Accadia's liability for contractual indemnification turns remains unanswered, and the court erred in granting the Benderson defendants' post-verdict motion inasmuch as it sought to enforce the prior order granting them summary judgment on their cross-claim for contractual indemnification with respect to Accadia.
We therefore reverse the judgment in appeal No. 2, deny the Benderson defendants' post-verdict motion to the extent that it seeks to enforce the order granting them summary judgment on their cross-claim for contractual indemnification, and we remit the matter to Supreme Court for trial, during the course of which the court is free to entertain any proper motions made by the parties—including any motion seeking judgment as a matter of law (see Wallace v Kinney, 239 AD3d 1396, 1398 [4th Dept 2025]; see generally CPLR 4401).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court